423 So.2d 969 (1982)
HILLSBOROUGH CLASSROOM TEACHERS ASSOCIATION, INC., Appellant,
v.
SCHOOL BOARD OF HILLSBOROUGH COUNTY, Appellee,
v.
FLORIDA TEACHING PROFESSION NATIONAL EDUCATION ASSOCIATION, Broward County Classroom Teachers Association and Florida Education Association/United, Intervenors.
No. AJ-328.
District Court of Appeal of Florida, First District.
December 6, 1982.
Rehearing Denied January 11, 1983.
William H. Yanger, Jr., Tampa, for appellant.
Thomas M. Gonzalez of Shackleford, Farrior, Stallings & Evans, and M. Wayne Jacobs, Tampa, Staff Counsel, PERC, for appellee.
Richard H. Frank and Mark F. Kelly of Frank & Kelly, Tampa, and C. Anthony Cleveland, Tallahassee, Gen. Counsel, FEA/United, for intervenors.
McCORD, Judge.
Appellants appeal the order of the Public Employees Relations Commission (Commission) dismissing their complaint of unfair labor practice against the appellee School Board of Hillsborough County. In the order, the Commission held that class size and minimum staffing levels are not mandatory subjects of collective bargaining because they do not fall within the ambit of the phrase "wages, hours, and terms and conditions of employment" pursuant to § 447.309(1), Florida Statutes. We affirm.
In its order on reconsideration, the Commission clarified its position, as follows:
We have not proscribed negotiation concerning any proposal touching on, relating to, or dependent upon class size or minimum staffing levels. We recognize that, for example, there may be negotiable proposals relating to class size and teacher workload, for instance those which are based upon the impact of class size upon the wages, hours, terms and conditions of employment of teachers. The proposals in this case, however, do not contain such a relationship.
Rather, these proposals attempt to limit the employer's prerogative to set class size and minimum staffing levels. While we recognize that such decisions quite often may directly and substantially affect the wages, hours, terms and conditions of employment of bargaining unit *970 members, it is the effects of the decisions and not the decisions themselves which are mandatorily negotiable. Because the proposals presented in this case seek only to require the employer to surrender its Section 447.201 right to unilaterally decide class size and minimum staffing levels, negotiation over these proposals is not required. (Emphasis supplied.)
We agree with the Commission's view that the setting of class size and minimum staffing levels are policy decisions which are incorporated in the term "standards of service to be offered to the public" which are to be unilaterally set by the public employer, pursuant to § 447.209, Florida Statutes, and thus are not mandatorily bargainable. This decision does not preclude mandatory bargaining as to the impact of the implementation of such decisions on "wages, hours, and terms and conditions of employment" when an appropriate showing of negotiable impact has been made.
AFFIRMED.
BOOTH and WENTWORTH, JJ., concur.