467 So.2d 987 (1985)
PUBLIC EMPLOYEES RELATIONS COMMISSION, Petitioner,
v.
DADE COUNTY POLICE BENEVOLENT ASSOCIATION, Respondent.
No. 64835.
Supreme Court of Florida.
April 11, 1985.
Rehearing Denied May 20, 1985.
*988 Stuart M. Lerner, Deputy Gen. Counsel, Public Employees Relations Comm'n, Tallahassee, for petitioner.
Donald D. Slesnick II of the Law Offices of Donald D. Slesnick II, Miami, for respondent.
OVERTON, Justice.
This is a petition to review Dade County Police Benevolent Association v. City of Homestead, 444 So.2d 465 (Fla. 3d DCA 1984), in which the district court, in a split decision, reversed an order of the Florida Public Employees Relations Commission assessing damages against the Dade County Police Benevolent Association for a wildcat strike by City of Homestead police officers. The district court held that the Commission lacked the authority to disturb the hearing officer's finding that there was no legal agency between the police officer's elected representative and the Police Benevolent Association that made the Association responsible for the actions of the representative in instigating the wildcat strike in violation of chapter 447, Florida Statutes (1979). The district court certified the following question as being of great public importance:
Whether PERC may overturn a hearing officer's ultimate determination of agency in light of what it perceives to be the applicable law and relevant policy considerations.
We have jurisdiction. Art. V, § 3(b)(4), Fla. Const. We answer the question in the affirmative, quash the majority opinion, and adopt the dissenting opinion of Judge Nesbitt as the opinion of this Court.
It is important to recognize at the outset that the relevant facts detailed in the district court opinion are not in dispute. The issue before the hearing officer was whether the police officers' elected representative to the Police Benevolent Association was acting within his general or special authority as representative to the Association when he called the strike. The resolution of this issue required a determination of how the law of agency should be applied to the undisputed facts of this case. The hearing officer found that, under the facts, the representative was not acting as an agent of the association. The Public *989 Employees Relations Commission, in reversing the hearing officer's recommendation, adopted the hearing officer's findings of fact, but concluded that the hearing officer had misapplied the law of agency to those findings of fact. The district court disagreed. It reinstated the hearing officer's recommendation, holding that a hearing officer's findings of fact are binding upon the agency, absent a specific finding that they are not based upon competent, substantial evidence or are the product of proceedings which do not comport with essential requirements of law.
We hold that how the law of agency should be applied is an interpretation of law and policy and not a determination of fact. See § 120.68(7), Fla. Stat. (1983). We agree with the Public Employees Relations Commission that the ultimate authority to administratively interpret chapter 447 and article I, section 6, of the Florida Constitution, which deal with state regulation of labor organizations, resides with the Commission and not a hearing officer. The Commission has the principal responsibility of interpreting the statutory provisions consistent with the legislature's intent and objectives. See School Board of Dade County v. Dade Teachers Association, 421 So.2d 645 (Fla. 3d DCA 1982); City of Clearwater v. Lewis, 404 So.2d 1156 (Fla. 2d DCA 1981); Pasco County School Board v. Florida Public Employees Relations Commission, 353 So.2d 108 (Fla. 1st DCA 1977). We also agree that the Commission has the authority to overrule a statutory interpretation made by one of its hearing officers. See Krestview Nursing Home v. Department of Health and Rehabilitative Services, 374 So.2d 638 (Fla. 3d DCA 1979); section 120.57(1)(b)(9), Florida Statutes (1983). Further, we agree that a reviewing court must defer to an agency's interpretation of an operable statute as long as that interpretation is consistent with legislative intent and is supported by substantial, competent evidence. See State ex rel. Szabo Food Services, Inc. v. Dickinson, 286 So.2d 529 (Fla. 1973); State ex rel. Biscayne Kennel Club v. Board of Business Regulation, 276 So.2d 823 (Fla. 1973). See also State ex rel. Siegendorf v. Stone, 266 So.2d 345 (Fla. 1972); §§ 120.68(9) and (14), Fla. Stat. (1983). We find that the dissenting opinion of Judge Nesbitt thoroughly analyzes and correctly resolves the issues in this cause. Accordingly, we adopt his opinion as the opinion of this Court.
For the reasons expressed, we quash the decision of the district court of appeal and direct that the order of the Florida Public Employees Relations Commission be reinstated.
It is so ordered.
BOYD, C.J., and ALDERMAN and SHAW, JJ., concur.
ADKINS, McDONALD and EHRLICH, JJ., dissent.