PER CURIAM.
Appellant seeks review, pursuant to section 120.68, Florida Statutes (1987), of a final order of the State Department of Insurance and Treasurer, Office of the State Fire Marshal, denying his application to take the examination for a certificate of competency as a Contractor II. We affirm.
The agency’s final order adopted the findings of fact, conclusions of law and recommendation contained in a recommended order of a hearing officer of the Division of Administrative Hearings. The basis of the denial is that appellant has failed to demonstrate that he has been employed full-time for at least four years doing the type of work such a contractor takes responsibility for, under the supervision of a licensed or certified contractor, or that he has the educational equivalent thereto, or a combination of the two. The record supports such denial.
Appellant presented evidence that for ten years he has been a licensed mechanical contractor in this state, and is the qualifier of Waldron’s, Inc., which has done extensive mechanical contracting for the petroleum industry, including installations of the kind generally done by contractors II. He argued before the agency and continues to contend that the statute setting up the qualifications of a contractor II does not say the employer who is the source of the applicant’s work experience must be a licensed or certified contractor II, but refers only to a contractor.
The issue is whether the agency erred in denying appellant’s application to take the Contractor II Competency Examination, in that his experience meets the statutory requirement, and the agency lacks authority to modify the statutory requirement. We conclude the agency did not err.
Appellant quotes the pertinent statute, section 633.521(3), Florida Statutes (1987), as follows:
(3) As a prerequisite to taking the examination, the applicant shall possess 4 years’ proven experience in the employment of a contractor or educational equivalent thereto or a combination thereof.
He quotes the agency rule purportedly implementing the above statutory sentence, which describes the requisite experience as that “gained from full time employment by a contractor, such employment relating to technical areas.” Rule 4A-46.010, Fla.Admin.Code. The rule then defines “technical areas” as “activities engaged in by a contractor and participated in by the applicant which provide experience in laying out, fabricating, installing, inspecting, altering, repairing, or servicing fire protection systems.”
Rule 4A-46.005, Florida Administrative Code, defines “contractors” for present purposes as contractor I, II, III or IV as these are defined in section 633.021(5) (a)(d), Florida Statutes. These definitions do not employ the term licensed or certified in defining contractors. Appellant points out that neither does one of these terms appear in either section 633.521(3) or Title 4A-46 of the administrative rules.
Appellee, the State Fire Marshal, responds that according to section 633.541(1), Florida Statutes (1987), “[i]t is unlawful for any person to engage in the business or act in the capacity of a contractor without having been duly certified and holding a current annual renewal certificate, except as herein provided.” Appellee urges that, because of this statutory provision, unless one is certified as a contractor II, one cannot be a contractor II, and cannot provide *249 someone with the experience that is a prerequisite to taking the examination for certification as a contractor II. As to the hearing officer’s use of the word “licensed,” in his recommended order, appel-lee points out that in 6A Words and Phrases (West 1966), under the entry “Certificate,” “license” is given as a synonym. At its entry “certificate,” Black’s Law Dictionary 205 (5th ed. 1979) intimates the same by listing “license” as one of the entries one should “see.”
Appellant cites case law to the effect that when the legislature has, in a statute, used clear language that is not unreasonable or illogical, the court may not go outside the statute to give it a different meaning. He also cites case law which says that in interpreting a statute the courts should consider the common understanding and purpose of that language, and unless the legislature specifically defines the language it assumes its common and ordinary meaning. He then reasons that the same strictures apply to administrative agencies. Appellant cites in addition Atlantic Coast Line Railroad Company v. Boyd, 102 So.2d 709 (Fla.1958), which says a court may not take the liberty of supplying a word the legislature could have chosen to include in a statute, but did not.
The weaknesses in appellant’s argument are that the legislature did, in the same statutory chapter, prohibit anyone from acting as a contractor who was not currently certified as such; and that, inasmuch as an administrative agency is not a court, one cannot lightly assume that what applies to courts also applies to administrative agencies. Of some note in this connection is the provision found at section 633.517(1), Florida Statutes (1987): “The State Fire Marshal is authorized, with the advice of the [fire safety] board, to adopt rules and regulations to carry out the provisions of this act.”
Appellant urges that the agency’s construction of the subject qualification in the instant case is an enlargement, modification or contravention of the statutory provision, and thus an invalid (and unconstitutional) exercise of delegated legislative authority. See Campus Communications, Inc. v. Department of Revenue, State of Florida, 473 So.2d 1290, 1291 n. 1 (Fla.1985); Florida Department of Health and Rehabilitative Services v. McTigue, 387 So.2d 454 (Fla. 1st DCA 1980).
In the recommended order, the hearing officer cited Little Munyon Island, Inc. v. Department of Environmental Regulation, 492 So.2d 735, 737 (Fla. 1st DCA 1986) (“Agency determinations with regard to a statute’s interpretation and applicability will receive great deference in the absence of clear error or conflict with legislative intent”). In that case there was a dispute over whether the word “stationary,” used in a statute section but undefined by rule or statute, had to be given its ordinary meaning or could be defined in a different manner by the enforcing administrative agency. The conclusion was the latter, provided the agency’s definition was a permissible one and was sufficiently expounded by the agency’s declaratory statement.
In Public Employees Relations Commission v. Dade County Police Benevolent Association, 467 So.2d 987 (Fla.1985), the Florida Supreme Court stated that “a reviewing court must defer to an agency’s interpretation of an operable statute as long as that interpretation is consistent with legislative intent and is supported by substantial, competent evidence.” Id. at 989 (citations omitted). See also Schoettle v. State, Department of Administration, Division of Retirement, 513 So.2d 1299, 1302 (Fla. 1st DCA 1987), review denied, 534 So.2d 399 (Fla.1988).
The agency points out in its brief that the Department of Insurance has held in a reported administrative law case that the definitions of contractor found in section 633.021 are intended to apply throughout the sprinkler contractor regulation sections of the statute. The agency also notes that the certification provision for such contractors has been in the law since 1975, making “bootleg” the activity of appellant and his firm that appellant wishes to use to qualify him for the test.
*250 In the instant case it is clear that appellant was employed by a “contractor” who was not a certified contractor II. The clear intent of the statute is to assure that people supervising the design and installation of fire sprinkler systems and similar or related fire safety equipment be well qualified, as an aid to the safety of people relying on such installations, and of property purportedly so protected. That is shown by the fact that, pursuant to the statute, it is prohibited to act as a contractor without a certificate from the state fire marshal. Surely it is entirely reasonable, in the light of this obvious intent of the legislature, for the agency to determine that to acquire the requisite experience that may qualify one to take the contractor II examination, one must have been employed and supervised for the requisite amount of time by a certified contractor in the same field. Thus Rule 4A-46.005(1), defining contractor as contractor I, II, II or IV as defined in the pertinent statutory chapter, carries out the intent of the legislature. To reason otherwise is to countenance prohibited activity by “wildcat” contractors. If that had been acceptable to the legislature, it would probably not have bothered to adopt this certification procedure at all.
In his reply brief appellant urges that experience may be proven in many ways, and that he has the necessary experience and has shown it. In addition to the above reasoning as to why the agency may reasonably not accept his claimed experience, we point out that by regulation the agency has amplified the law to show what experience, education or combination of the two will satisfy the subject requirement. See Rule 4A-46.010(3), Fla.Admin.Code. Besides people with four years of approved experience under a [certified] contractor, the rule makes eligible persons holding certain certificates from a national accrediting agency, persons holding four-year degrees in certain fields of engineering or technology, and persons who combine two-year degrees in certain specified technical fields with two years of full-time experience supervised by a [certified] contractor. The rule as to the combination of education and experience permits translating part-time experience into a full-time equivalent. See ABC Liquors, Inc. v. Department of Business Regulation, Division of Alcoholic Beverages and Tobacco, 397 So.2d 696, 697 (Fla. 1st DCA 1981).
This regulation is entirely reasonable and within the authority of the agency.
There is no dispute over the propriety of the administrative proceedings; there is competent substantial evidence to support the conclusion the appellant has not met the education/experience prerequisite for taking the contractor II examination; and the agency’s construction of the statute is not clearly erroneous or unauthorized.
AFFIRM.
LETTS, GLICKSTEIN and WARNER, JJ., concur.