WIGGINTON, Judge.
Appellant, Pensacola Junior College Faculty Association, a labor union, appeals a Public Employees Relations Commission (PERC) order dismissing its unfair labor practice charge against appellee Board of Trustees of Pensacola Junior College (Board). We affirm as to all points raised but find that one point merits comment in response to the dissenting opinion herein.
Appellant has challenged PERC’s finding that appellant waived its right to bargain over “changes” in a particular employment position. For reasons which we uphold without discussion, the hearing officer and PERC adequately determined that, as a public employer, appellee Board had the authority to unilaterally make the changes in the particular employment position and appellant only had the right to bargain as to the impact of that action on the terms and conditions of the position. Therefore, as PERC correctly determined, appellant had no right to demand bargaining on the issue of the “change” of the particular position from one job title to another.
In his initial order, the hearing officer specifically found that appellant had actual notice of the decision to make the change in the position by late June and had ample opportunity at that time to demand impact bargaining. He further found that a July 25 demand for no changes to be made in the position until those changes could be negotiated was not a proper request to bargain over the impact of the decision to eliminate the position. The record also reflects that impact considerations were acted upon at a July 25 Board meeting. Appellant has failed to cite evidence of any other action on its part to effect bargaining on the impact of the changes in the position. Therefore, the factual finding of the hearing officer initially, and then PERC, that appellant waived its right to demand impact bargaining is supported by the instant record.
We respectfully disagree with the concerns raised for the first time in this case in the dissenting opinion. First, those concerns are not the basis for appellant’s challenge of PERC’s determination of waiver in this case. Appellant’s argument on this point is primarily directed at PERC’s overriding of the hearing officer’s determination in an order on remand that any de *256 mand for bargaining would have been futile by the time appellant received notice of the change in the employment position in late June. We have rejected that position. Appellant does not develop the concern voiced in the dissent over whether the Board had adequately apprised appellant, pursuant to the retrenchment article, of a particular schedule within which any bargaining demands must be made. Secondly, although the record might support a contrary conclusion, it does contain competent substantial evidence to support PERC’s determination that, considering all the factors in this case, including the fact that the Board was constrained by the necessity to have the Fall schedule completed prior to the start of the Fall semester in mid-August, as the hearing officer initially declared, appellant had an ample opportunity to demand impact bargaining. See Amalgamated Transit Union v. Orange-Seminole-Osceola Transportation Authority, 12 FPER para. 17134 (1986). Appellant has not convincingly argued that PERC erred in finding that its failure to make an effective demand constituted waiver.
AFFIRMED.
CAWTHON, Senior Judge, concurs.
ERVIN, J., dissents with opinion.