STONE, Chief Judge,
dissenting.
I would affirm the UAC’s decision that Appellant is not entitled to benefits as he was not paid for insured work for the minimum twenty weeks of the base period. The record is clear that no wages were paid Appellant and he performed no effort, labor, or service for the employer since mid-December, 1993. As a result, and as unfair as it may appear to be, Appellant is excluded from coverage by law, as are others who perform insufficient insured work during their computed base period.
The record reflects that Appellant was not on paid sick leave, but that his only income from the employer during the time in question was his own accumulated fund of back vacation pay and sick leave, which he was entitled to receive in any event, as a lump sum benefit.
I discern no error in the UAC’s conclusion that he was not being paid wages during the relevant time for on-the-job effort, but was simply drawing on his own principal in weekly increments. Patently, the work Appellant performed that resulted in his right to the sums drawn was performed prior to December 14, 1993. Therefore, he is entitled to no wage credit for those sums.
I also note that great weight should be given to the agency’s interpretation of the statute. See Public Employees Relations Comm’n v. Dade County Police Benevolent Ass’n, 467 So.2d 987 (Fla.1985); State ex rel. Biscayne Kennel Club v. Board of Bus. Regulation, 276 So.2d 823 (Fla.1973).