BROWNING, J.
International Union of Police Associations, AFL-CIO (Appellant), the recognized bargaining agent for Appellee’s law enforcement employees (public employees), appeals a final order of the Public Employees Relations Commission (PERC), and alleges that PERC reversibly erred by failing to order restoration to the status quo ante as to work schedules until bargaining was completed between the parties because of Appellee’s admitted unfair labor practice. We agree and reverse with instructions. In all other respects the order is affirmed.
Facts
This case arose from the adoption of a constitutional amendment by Florida voters in the 1998 general election that combined the former Game and Fresh Water Fish Commission and the former Marine Patrol, effective July 1, 1999. Art. XII, § 23, Fla. Const. The two agencies’ responsibilities were transferred to the newly created Florida Fish and Wildlife Conservation Commission (FFWCC). The *77 two former commissions were operated as divisions without changes in the public employees’ work schedules until April 2, 2001, when Appellee announced its intention to adopt new work schedules for its public employees effective May 11, 2001.
Upon receipt of such notice, Appellant requested that the proposed changes in work schedules be the subject of bargaining under Chapter 447, Florida Statutes, and further requested in writing on April 16, 2001, that Appellee suspend its implementation of the proposed work schedules pending collective bargaining on the issue. Appellee failed to respond specifically to such request, but a bargaining session was held by the parties on April 26, 2001, and at the end of the bargaining session, the parties agreed that Appellant would provide counter-proposals to Appellee’s proposed work schedules by May 4, 2001. Appellant requested and received from Appellee an extension of time for submission of its counter-proposals until May 7, 2001. Then, Appellant requested a one-day extension, which Appellee denied. Appellee advised Appellant that it was terminating negotiations and implemented its proposed new work schedules effective May 11, 2001. Appellant submitted its counter-proposals to Appellee on May 8, 2001.
Because of Appellee’s unilateral implementation of the proposed work schedules, Appellant filed an unfair labor practice charge with PERC asserting that Appellee had violated section 447.501(l)(a) & (c), Florida Statutes. A hearing was held on Appellant’s unfair labor charge before an administrative law judge (ALJ), and Ap-pellee defended its action on the grounds that exigent circumstances justified Appel-lee’s unilateral action and that Appellant had waived its right to negotiate. The ALJ issued an order recommending that PERC adopt the recommended findings of fact and conclusions of law and enter a final order requiring, inter alia:
2. That Appellee take the following affirmative action:
a. Rescind, the unilateral change in work schedules and return to the status quo ante until bargaining is completed, (emphasis added).
b. Return to the bargaining table and negotiate in good faith the impact over the change in the law enforcement officers’ work assignments;
Appellee filed exceptions to the recommended order, and PERC entered a final order modifying the recommended order requiring Appellee, inter alia, to take the following action:
a. Upon request, return to the bargaining table and negotiate in good faith work schedules for law enforcement officers; (emphasis added).
The final order did not adopt the ALJ’s recommendation rescinding the Appellee’s unilateral changes in work schedules and ordering a return to the status quo ante until bargaining is completed, as recommended by the ALJ, and Appellant appealed.
Appellee does not argue in this appeal that it was not guilty of an unfair labor practice, that Appellant waived its bargaining rights, or that exigent circumstances justify its failure to bargain with Appellant. Its sole argument for affirmance is that PERC did not abuse its discretion by failing to order a return of the parties to a status quo ante bargaining position, because of the disruptive effect that would accompany rescinding the work schedules until the bargaining process is completed.
Applicable Law
The traditional remedy for an unfair labor practice relating to unilateral *78 changes in terms and conditions of employment by public employees is to return the parties to the “status quo ante.” Escambia Educ. Ass’n v. Escambia County Sch. Bd., 10 FPER 15160 (1984); Nassau Teachers Ass’n v. Sch. Bd. of Nassau County, 8 FPER 13206 (1982). Employers have been required to return to the status quo in a variety of contexts. Monticello Prof'l Fire Fighters Ass’n v. Monticello, 15 FPER 20225 (1989) (ordering City to offer immediate reinstatement to employees terminated when fire department abolished); Leon County PBA v. City of Tallahassee, 8 FPER 13400 (1982) (ordering City to reimburse officers for increase in payroll deductions for health insurance); Florida Nurses Ass’n v. Pub. Health Trust, 14 FPER 19312 (1988) (ordering Trust to reinstate past practice of contributing toward dependent HMO coverage); SPALC v. Sch. Bd. of Lee County, 26 FPER 31105 (2000) (ordering School Board to re-establish policy of providing employees with leased uniforms); Southwest Florida Prof'l Fire Fighters v. Ft. Myers Beach Fire Control Dist., 23 FPER 28209 (1997) (ordering District to rescind change in minimum manning level until union provided opportunity to bargain impact of its decision); IAFF, Local 754 v. City of Tampa, 13 FPER 18129 (1987) (ordering City to rescind practice of paying fire fighters for actual hours worked and reinstate past practice of paying fire fighters the average of 104 hours of work each pay period regardless of hours worked); Escambia Educ. Ass’n v. Escambia Sch. Bd., supra, (ordering School Board to recognize additional year of service credit and pay eligible teachers accumulated salary experience increments with interest); IAFF v. City of St. Petersburg, 13 FPER 18116 (1987) (ordering City to pay annual progressive raises retroactive to expiration of agreement).
This traditional remedy has obtained in cases, as here, involving unilateral changes to work schedules. On at least two occasions, PERC has ordered this traditional remedy where employers unilaterally changed work schedules. IBEW Local 2358 v. Jacksonville Elec. Auth., 14 FPER 19196 (1988) (ordering Authority to restore twelve-hour work shift); Royal Palm Beach Prof'l Fire Fighters Ass’n v. Village of Royal Palm Beach, 14 FPER 19304 (1988) (ordering Village to return to status quo of working its employees 24 continuous hours per shift).
Analysis
Appellee’s sole argument for affir-mance is that a return to the status quo ante would have such a disruptive effect that affirmance is required. We cannot agree. Appellee studied, or had time to study, the new work schedules for approximately two years before it notified Appellant of its intended changes. After Appellant asked for bargaining on the issue, one bargaining session was held; when Appellant asked for a total four-day extension for submission of its counter-proposals, Appellee arbitrarily and unilaterally enacted the new work schedules. Such action was taken by violating the fundamental principle of public bargaining that the ALJ, quite correctly, determined Appellee knew, or should have known, would constitute an unfair labor practice. Accordingly, we cannot condone Appellee’s position in this appeal that, in essence, asks for an affirmance because of the very consequences attendant to its unfair labor practice. Not to require a return to the status quo ante would be akin to rewarding Ap-pellee for an unlawful act and would leave Appellant impotent under PERC’s rather bland final order. Simply put, PERC abused its discretion by not following the ALJ’s recommendation that the parties be returned to the status quo ante on the facts presented in this appeal. IBEW Lo *79 cal 2358, 14 FPER 19196; Village of Royal Palm Beach, 14 FPER 19304.
We are not unmindful that substantial changes have occurred since May 11, 2001, because of the lapse of time caused by the initial hearing and the appellate process, and that disruption will result from a return to the status quo ante that might be detrimental to the public interest. Accordingly, we conclude that under section 447.504, Florida Statutes, the parties shall have 60 days from the issuance of this court’s mandate in which to negotiate a settlement. During such 60-day period, the parties shall negotiate pursuant to Chapter 447.403, Florida Statutes, and PERC shall supervise the negotiation process to insure that the parties’ dispute is settled by negotiations or by implementation of impasse procedures. If a settlement is not reached within such 60-day period, the status quo ante between the parties shall exist effective May 10, 2001, as provided in the recommended order.
Even though the procedure adopted does not include in toto either party’s position, it seems to us to “strike a balance” between the competing interests of the parties and the public they serve. Appel-lee is cautioned that when the law is clear, as here, there is no plausible reason for the actions taken. Public employees’ right to bargain collectively is constitutionally and statutorily based and cannot be ignored with impunity. Appellee’s concern for disruption could have best been handled by following recognized collective bargaining principles. The detrimental effect caused by unlawful action cannot be used as a shield to avoid imposition of the appropriate remedy.
AFFIRMED in part, REVERSED in part and REMANDED for proceedings consistent with this opinion.
BARFIELD, J. CONCURS; LEWIS, J. DISSENTS WITH WRITTEN OPINION.