THOMPSON, J.
Laborers’ International Union of North America, Local 678 (“Local 678”) appeals an order by the Public Employees Relations Commission (“PERC”) affirming the General Counsel’s summary dismissal of an unfair labor practice charge. We affirm.
Pursuant to 14 Code of Federal Regulations sections 107.209[1] and 108.229, the Greater Orlando Aviation Authority (“GOAA”) notified its employees that they must inform GOAA if they had pleaded nolo contendere to any disqualifying offense,[2] or if adjudication on a disqualifying offense had been withheld. Employees making such a disclosure would no longer have an access badge or access to secured areas, and were effectively terminated because all employees were required to have an access badge to maintain their employment. Previously, GOAA employees were denied access to secured areas only if they had been convicted of a disqualifying offense or found not guilty by reason of insanity. Local 678, the bargaining agent for a unit of GOAA’s employees, filed an unfair labor practice charge pursuant to section *610 447.501(l)(a) and (c), Florida Statutes,[3] alleging that GOAA unilaterally changed the working conditions of the bargaining unit employees. In its amended complaint, Local 678 named K.J. as an employee who was terminated under the new policy and argued that GOAA’s policy exceeded the federal requirements set forth in Code of Federal Regulations section 107.209 because the federal regulations stated that an individual had a disqualifying criminal offense only if that individual had been convicted or found not guilty by reason of insanity.
In dismissing the charge, the General Counsel for PERC found that K.J. was dismissed for other offenses, including falsification of documents. Also, the General Counsel determined that Local 678 did not request impact bargaining. The General Counsel noted that 14 Code of Federal Regulations, sections 107.209 and 108.229, and the Aviation and Transportation Security Act[4] were created because of concern for airport security in light of terrorist acts and that although the federal regulations did not specifically require the disclosure of pleas of nolo contendere or withheld adjudications, the purpose of the regulations was to insure the highest measure of public safety.
Local 678 appealed the General Counsel’s summary dismissal. PERC affirmed the summary dismissal under Fraternal Order of Police, Miami Lodge 20 v. City of Miami, 609 So.2d 31 (Fla.1992), which held that an employer can make unilateral changes to mandatory subjects of bargaining where there are exigent circumstances such as public safety. PERC held that under GOAA’s management rights, GOAA was permitted to unilaterally impose stricter requirements upon employees’ access to restricted areas of the airport. PERC further ruled that unlike the employer in Fraternal Order of Police, GOAA’s duty to impact bargain was not excused. In Fraternal Order of Police, the duty to impact bargain was excused by the immediate need to act, but PERC ruled GOAA was not similarly excused because the revised safety regulations that GOAA relied upon as the basis for implementing the change in its employee access policy were not published until three months after September 11, 2001. However, PERC determined that dismissal was appropriate because Local 678 failed to allege that it requested and was refused an opportunity to impact bargain, and failed to identify negotiable effects resulting from implementation of the employer’s underlying decision.
Here, Local 678 argues that a unilateral change in policy was not justified by exigent circumstances. We disagree. First, we note that PERC’s decisions are entitled to great deference by the courts due to its enlightened experience in such matters. International Union of Police Associations v. State Dep’t of Management Services, 855 So.2d 76 (Fla. 1st DCA 2003). PERC has developed special expertise in addressing labor issues and is uniquely qualified to interpret and apply the policies enunciated in Chapter 447. School Bd. of Dade County v. Dade Teachers Ass’n, 421 So.2d 645 (Fla. 3d DCA *611 1982). Thus, “it is not our province to displace [PERC’s] choice between two conflicting views simply because we would have been justified in deciding the issue differently were it before us in the first instance.” City of Clearwater (Fire Dept.) v. Lewis, 404 So.2d 1156 (Fla. 2d DCA 1981).
Second, we conclude that exigent circumstances similar to those in Fraternal Order of Police, existed in this case. In Fraternal Order of Police, the Florida Supreme Court held that compulsory drug testing of police officers was not a mandatory subject of collective bargaining where individuals were suspected of misconduct. 609 So.2d at 34. The court held that an employer could act unilaterally where mandatory bargaining was usually required when there was an overriding need to protect the public. Id. In the instant case, as in Fraternal Order of Police, there is an overriding need for GOAA to protect the public. As 66 Federal Register, section 63474-01, states, in connection with the airline attacks of September 11th, “[gjiven the resources and reach of the organization [that perpetrated the attacks], it is likely that it has sought or will seek to place members in positions at airports to facilitate future attacks, or that it will attempt to co-opt individuals in such positions.” Because GOAA’s employees are entrusted with public safety, and all GOAA employees must have access to all secured areas, exigent circumstances warranted a unilateral decision by GOAA.
Furthermore, we agree with PERC that GOAA was permitted to impose stricter requirements pursuant to its management rights. Section 3.1 of the bargaining agreement between GOAA and Local 678 states that management rights are “to demote, layoff, terminate or otherwise relieve employees for lack of work or other legitimate reasons; to suspend, discharge, or discipline employees for just cause.” Also, section 3.5 of the agreement states, “The Unions and its members in all matters pertaining to this Agreement shall take into consideration that one of the important missions of the Authority is to serve the public and that safety, protection and good will of the general public are of primary importance.” Moreover, section 1.1 of the agreement states that one of the purposes of the agreement is for GOAA to provide services which will “further, to the fullest extent possible, the safety of the employees [and the] ... protection of property.” Finally, the Greater Orlando Aviation Authority Act, 98^92, Florida Laws, provides:
The purposes of this act are to create an aviation in Orange County, Florida, and through it to provide a means to serve the public interest through the coordination of the planning, financing, construction and operation of aviation facilities of the authority to the end that: adequate public air navigation and transportation facilities are provided; that safe and efficient air commerce is promoted ....
(emphasis added).
[[Image here]]
“[t]he authority shall have all the powers which are necessary to carry out the purposes of this act. Without any manner limiting or restricting such general powers, the authority shall have power:
12) To adopt and enforce in the courts of this state reasonable rules and regulations for the orderly, safe, efficient, and sanitary operation and use of projects and facilities owned by it or under its control.”
Given that the purpose and mission of GOAA is to provide public safety and promote safe and efficient air commerce, GOAA was justified in acting unilaterally in this case.
*612 Finally, we agree with PERC’s conclusion that Local 678 had a duty to request impact bargaining and to identify a bargainable impact. See Volusia County Firefighters’ Association, Local 3571 v. Volusia County, 22 FPER ¶ 27066 (1996). Local 678’s complaint referred to only one employee who was discharged as a result of the new policy. The record indicates that K.J. was discharged not only for pleading no contest to a disqualifying offense, conspiracy to sell and deliver cocaine, but for other misconduct as well. Local 678 failed to provide evidence of impact upon the rest of the employees. Accordingly, Local 678 failed to establish direct and substantial effects upon the terms and conditions of employment due to GOAA’s implementation of the new policy. Compare Cocoa Beach Professional Firefighters, Local 3570 v. City of Cocoa Beach, 23 FPER ¶ 28082 (citing Hillsbor-ough Classroom Teachers Association, Inc. v. School Board of Hillsborough County, 7 FPER ¶ 12411).
PERC’s decision is AFFIRMED.
GRIFFIN, J., and HOLCOMB, C., Associate Judge, concur.

. Under 14 Code of Federal Regulations, section 107.209, persons who disclose that they were convicted or found not guilty by reason of insanity of a disqualifying offense, the airport operator must immediately suspend the individual’s unescorted access authority for airport operations.

. An individual has a disqualifying criminal offense if the individual has been convicted, or found not guilty by reason of insanity, of any of the disqualifying crimes listed in this paragraph in any jurisdiction during the 10 years before the date of the individual’s application for unescorted access authority, or while the individual has unescorted access authority.
14 C.F.R. § 107.209(d).

. Section 447.501(1), Florida Statutes, provides that [pjublic employers or their agents or representatives are prohibited from:
(a) [ijnterfering with, restraining or coercing public employees in the exercise of any rights guaranteed them under this part.
[[Image here]]
(c) [Refusing to bargain collectively, failing to bargain collectively in good faith, or refusing to sign a final agreement agreed upon with the certified bargaining agent for the public employees in the bargaining unit.

. See Pub.L. No. 107-71