979 So.2d 979 (2008)
Peter RIZOV, Appellant,
v.
STATE of Florida, BOARD OF PROFESSIONAL ENGINEERS, et al., Appellees.
No. 3D07-1929.
District Court of Appeal of Florida, Third District.
February 6, 2008.
Rehearing Denied April 21, 2008.
*980 Peter Rizov, in proper person.
Bill McCollum, Attorney General, and Garnett W. Chisenhall, Assistant Attorney General, for appellees.
Before GERSTEN, C.J., and COPE, and LAGOA, JJ.
GERSTEN, C.J.
Peter Rizov ("Rizov") appeals a final order from the State of Florida, Board of Professional Engineers ("Board"), which denied his application to take the principles and practices examination. Finding no statutory ground for setting aside the Boards decision, we affirm.
In April 2006, Rizov applied to the Board to take the principles and practices examination, with an anticipated completion of his electrical engineering degree in May 2006. Rizov also submitted employment/experience verification forms reflecting his employment with two engineering firms from April 1996 through the date of his application.
In order to practice engineering in Florida, a person is required to pass two examinations: (1) the fundamentals examination and (2) the principles and practice examination. § 471.015(1), Fla. Stat. (2005). Passing the fundamentals examination qualifies a person to practice in the state as an engineer intern, if he or she is in the final year, or a graduate, of an approved college or university engineering degree program. § 471.013(1)(b), Fla. Stat. (2005).
In order to sit for the principles and practice examination, a person must have an engineering degree, and four years of "active engineering experience of a character indicating competence to be in responsible charge of engineering." § 471.013(1)(a)1., Fla. Stat. (2005). The Board has adopted certain guidelines for evaluating acceptable experience, including rule 61G15-20.002(1)(b)1, which states: "The acquisition of acceptable engineering experience should logically follow and constitute an application of the engineering education previously obtained."
Because Rizov did not have four years of post-graduate experience, the Board denied his application to take the principles and practices examination. Although he does not dispute his lack of four years of post-graduate experience, Rizov contends that the Board should accept the experience he obtained while working and attending school. The Board rejected Rizov's argument and entered a final order denying his application to take the examination.
A reviewing court defers to an agency's interpretation of a statute which it is charged with enforcing "as long as that interpretation is consistent with legislative intent and is supported by substantial, competent evidence." Pub. Employees Relations Comm'n v. Dade County Police Benevolent Ass'n, 467 So.2d 987, 989 (Fla. 1985); see also Atl. Shores Resort, LLC v. 507 S. St. Corp., 937 So.2d 1239, 1245 (Fla. 3d DCA 2006). Here, Rizov has not shown that the Board's rule is inconsistent with the statute.
Agencies generally have more expertise in a specific area they are charged with overseeing. Thus, in deferring to an *981 agency's interpretation, courts benefit from the agency's technical and/or practical experience in its field. See McKenzie Check Advance of Fla., LLC v. Betts, 928 So.2d 1204, 1215 (Fla.2006) (Cantero, J., concurring in part and dissenting in part). Here, rule 61G15-20.002(1)(b)(2) explains the reasoning behind requiring post-graduate experience: "Engineering experience obtained prior to the completion of the engineering degree is usually of a subprofessional nature."
Because the Board is in a better position to determine acceptable experience, we affirm the Boards order denying Rizovs application to take the principles and practice examination.
Affirmed.