# Third District Court of Appeal

## State of Florida

Opinion filed June 22, 2016.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D15-2704
Lower Tribunal No. 15-40
_____

**Isabel del Pino Allen,**
Appellant,

vs.

**United Faculty of Miami Dade College, FEA, AFL-CIO, AFT Local 4253,**
Appellee.

An administrative appeal from the Public Employees Relations Commission.

Isabel del Pino Allen, in proper person.

Meyer, Brooks, Demma & Blohm and Thomas W. Brooks (Tallahassee), for appellee.

Before SHEPHERD, ROTHENBERG and EMAS, JJ.

EMAS, J.

Isabel del Pino Allen ("Allen") appeals a final order of the State of Florida Public Employees Relations Commission ("PERC") which affirmed the General Counsel's summary dismissal of her amended unfair labor practice charge. We affirm.

Allen was employed by Miami-Dade College ("MDC") as a professor, and was a member of a union—the United Faculty of Miami-Dade College, FEA, AFL-CIO, AFT, Local 4253 ("the Union"). Following her termination by MDC on April 23, 2015, Allen filed an unfair labor practice charge against the Union, alleging a violation of section 447.501(2)(a), (b), and (d), Florida Statutes (2015). The charge was summarily dismissed by the General Counsel[1] on August 31, 2015, based on Allen's failure to provide a clear and concise statement of the facts constituting the alleged unfair labor practice.

Thereafter, Allen filed an amended charge, which added an allegation that the Union president, Mark H. Richard, violated Florida's Sunshine Law, section 286.011, Florida Statutes (2015), by not allowing her to observe a hearing at his office.

On September 21, 2015, the General Counsel again summarily dismissed Allen's amended charge, finding she had failed to provide a clear and concise

_____

[1] Under Florida Administrative Code Rule 60CC-5.002(1), "[w]henever an unfair labor practice charge is filed with [PERC], it may be referred to the General Counsel or other designated agent."

statement of the facts constituting the alleged unfair labor practice, as required by section 447.503(1), Florida Statutes (2015). The General Counsel found that her charge was "written as a narrative and include[d] an amalgam of arguments, commentary, opinions, and conclusional statements, with interposed allegations regarding Local 4253's and the College's conduct." As to the Sunshine Law allegation, the General Counsel dismissed this portion of the charge, determining that section 286.011 was not enforceable by PERC, but only by the courts.

Allen appealed the dismissal to PERC.[2] After a review, PERC determined that the General Counsel's dismissal was correct, that her argument on appeal was "similarly disjointed and reads as a narrative . . . making it unlikely that [the Union] could file a cogent response." PERC also agreed with the General Counsel's dismissal of the charge related to the Sunshine Law allegations because a violation of the Sunshine Law is outside of PERC's jurisdiction. Thus, PERC affirmed the summary dismissal of her amended charge. This appeal followed.

We affirm. Section 447.503(1) requires the charge to "contain a clear and concise statement of facts constituting the alleged unfair labor practice." The General Counsel, and upon review, PERC, each determined that Allen's charge

---

[2] Under Florida Administrative Code Rule 60CC-5.002(3), where the "charge is summarily dismissed by the General Counsel," the charging party may "appeal the dismissal to [PERC]," who reviews the charge to determine whether the review petition "briefly and concisely sets forth the points of fact and law which are sufficient to establish a prima facie violation of the applicable unfair labor practice provisions."

and amended charge failed to contain the requisite "clear and concise statement." We find no error in this determination. Furthermore, Florida law is clear that "because of PERC's special expertise in public sector labor law matters, we will defer to PERC's interpretation of chapter 447 unless the interpretation is clearly erroneous or contrary to the plain and ordinary meaning of the statute." Headley v. City of Miami, 118 So. 3d 885, 890 (Fla. 1st DCA 2013). See also, Public Rel. Comm'n v. Dade Cnty. Police Benevolent Ass'n, 467 So. 2d 987, 989 (Fla. 1985) (holding "a reviewing court must defer to an agency's interpretation of an operable statute as long as that interpretation is consistent with legislative intent and is supported by substantial, competent evidence"); Capo v. Fla. Public Employees Council 79, 82 So. 3d 1116, 1119 (Fla. 4th DCA 2012); Laborers' Int'l Union of N. Am. v. Greater Orlando Aviation Auth., 869 So. 2d 608, 610-11 (Fla. 5th DCA 2004). We also hold that PERC properly dismissed the alleged Sunshine Law violation, as the provision alleged to have been violated is enforceable by the courts, not by PERC. See § 286.011(2)-(4), Fla. Stat. (2015); Cent. Fla. Prof'l Fire Fighters Ass'n, Local 2057 v. Bd. of County Comm'rs, 9 FPER ¶ 14372, 1983 WL 863425 (1983) (observing that the courts, not the Commission, have jurisdiction to enforce the provisions of the Sunshine Law). Accordingly, we affirm PERC's final order dismissing Allen's amended charge against the Union.

Affirmed.