# Third District Court of Appeal

## State of Florida

Opinion filed December 31, 2025.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D25-494
Lower Tribunal No. CA-2024-041
_____

**Antonio Major**,
Appellant,

vs.

**Sheriff of Monroe County**,
Appellee.

An Appeal from the State of Florida, Public Employees Relations Commission.

Antonio Michael Major, in proper person.

Allen, Norton & Blue, P.A., and Liana De La Noval and Susan Potter Norton, for appellee.

Before EMAS, LOGUE and GORDO, JJ.

PER CURIAM.

Antonio Major appeals a Final Order from the Public Employees Relations Commission (PERC) summarily dismissing an unfair labor practice charge initiated by Major pursuant to section 447.503, Florida Statutes (2024).[1] Upon our review of the record, we affirm the Commission's dismissal and its determination that the charge filed by Major was legally insufficient. See Gibbons v. State Pub. Emps. Rels. Comm'n, 702 So. 2d 536, 536 (Fla. 2d DCA 1997) ("The charge, *which was sworn to by Gibbons*, stated that during the summer of 1995 Gibbons criticized the management staff in his office on several occasions and that he counseled colleagues regarding their union rights.") (emphasis added) (citing § 447.503(1), Fla. Stat. (1995), requiring the charge be accompanied by "sworn statements and documentary evidence sufficient to establish a prima facie violation" of the pertinent unfair labor practice provision); Fla. Admin. Code Ann. R. 60CC-5.001 (mirroring the statute and providing that a charge "must be accompanied by sworn statement(s) setting forth facts of which the affiant

_____

[1] Section 447.503, Florida Statutes (2024) governs the process for initiating and settling disputes regarding alleged unfair labor practices, and authorizes "the filing of a charge with the commission by an employer, employee, or employee organization, or any combination thereof." Subsection (1) details the requirements of a charge, including that the charge contain a "clear and concise statement of facts constituting the alleged unfair labor practice," and be "accompanied by sworn statements and documentary evidence sufficient to establish a prima facie violation of the applicable unfair labor practice provision."

has personal knowledge, and where applicable, documentary evidence sufficient to support a prima facie violation of the applicable unfair labor practice provision(s)."); <u>Bertrand Simmons, Charging Party, v. Tampa Bay Area Transit Workers Union, Inc., Respondent,</u> 42 FPER ¶ 96 (2015) ("Here, Simmons merely signed the amended unfair labor practice charge. The amended charge was neither sworn to and signed before a notary public nor accompanied by sworn statements. Thus, the amended charge must be dismissed."); <u>see also</u> <u>Sch. Dist. of Indian River Cnty. v. Fla. Pub. Emps. Rels. Comm'n</u>, 64 So. 3d 723, 727 (Fla. 4th DCA 2011) ("In order to establish a prima facie violation, the charge must include the names of the individuals involved in the alleged unfair labor practice, and the time and place of occurrence of the particular acts giving rise to the dispute. It also must identify specific impacts on wages, hours, or terms and conditions of employment resulting from the change at issue. A factually deficient charge cannot be cured by resorting to the supporting documents. If the charge is sufficient, a hearing will be held, but if it is insufficient, the commission may issue a summary dismissal of the charge.") (internal quotations omitted).

Affirmed.

3