BARFIELD, Judge.
The Lee County School Board appeals from a final order of the Public Employees Relations Commission (PERC) finding the school board committed an unfair labor practice, in violation of section 447.-501(l)(a), Florida Statutes (1985). The school board argues PERC applied an incorrect evidentiary standard in finding this violation. For the reasons explained below, we reverse the final order with directions for further proceedings.
We hold that the standard adopted by the hearing officer and by PERC is incorrect. In proving a violation of section 447.501(l)(a), an employee must show that his or her otherwise protected activity was a substantial or motivating factor in the employer’s decision or action which constituted the alleged violation.
In April, 1986, appellee, the bargaining agent for non-instructional personnel of the Lee County School Board, filed an unfair labor practice charge. The charge alleged the school board through its agents, administrative employees at Lee Middle School, engaged in unfair labor practices directed at several school cafeteria employees. The case proceeded to an administrative hearing, with the sole issue being separate closed door meetings between two employees and the school principal on December 10,1985. (One of the charges relating to a second employee was resolved in favor of the school board and is not pertinent to this appeal.)
The evidence established that several food service workers in the school cafeteria voiced numerous concerns and complaints over several months in the fall of 1985. Particularly, they had complaints of health violations and unsanitary food management practices. The employees also complained to their supervisor about safety problems including electrical cords lying across floors and water collecting in work areas. The employees voiced complaints about their treatment by the cafeteria manager, Marie McDuffie, and about McDuf-fie’s scheduling of work assignments. The employees brought their concerns to the attention of McDuffie and the school principal, Steven Cook. When these efforts proved unsuccessful, the employees took their complaints to the superintendent’s personnel staff. A second meeting with Cook and McDuffie was arranged on December 6, 1985, a meeting that ended when Cook and McDuffie abruptly walked out. On December 10, 1986, the incident most relevant to this case occurred. Cook called one of the cafeteria employees, Carol MacDonald, into his office because he had observed her earlier that day tell a coworker *240 she did not have to perform a task McDuf-fie had just told the coworker to do. McDonald testified that Cook told her to “keep her mouth shut” about problems in the cafeteria and the rest of the school. He told her that she was not the “straw boss.” He said he was tired of her causing trouble and with her being a troublemaker. Cook told her not to discuss problems in the cafeteria with her coworkers.
In his recommended order, the hearing officer held that a party charging a violation of section 447.501(l)(a):
“must establish by the preponderance of competent record evidence that, under the circumstances existing, the affected employees could reasonably conclude that the employer’s action has a reasonable tendency to interfere with, restrain or coerce employees in the exercise of Section 447.301 rights, [citations omitted]. The employer’s motive for the statement or conduct complained of is not a critical element, [citations omitted]. Furthermore, not only are direct threats prohibited, but also statements which in their factual context contain latent or implied threats, [citations omitted].
The hearing officer found that the employees including Carol MacDonald were engaged in protected concerted activities within the meaning of section 447.301(3) when they sought redress for unsatisfactory working conditions in the cafeteria. The hearing officer further found that in light of the surrounding circumstances a violation of the statute had occurred. Although the principal’s statements to MacDonald did not contain a direct threat of reprisal, he found that the statement, viewed in the light of the prior conduct toward MacDonald and her coworkers, had a reasonable tendency to interfere with her right to raise grievances over problems in the cafeteria. The hearing officer found that Cook had been openly antagonistic to the employees’ grievance activities and that MacDonald was well aware of his displeasure with these efforts. Thus, MacDonald reasonably could have believed that she was being threatened by Cook and that her continued discussion of problems with other employees and continued presentation of complaints would result in further adverse action by Cook.
PERC adopted the hearing officer’s recommended order in almost all respects; the only modifications are not relevant to this appeal. PERC rejected the school board’s argument that the hearing officer did not apply the correct standard in finding a violation of section 447.501(l)(a). The school board maintained there must be a showing of an anti-union motivation in its conduct before such a violation may be proved. In its order, PERC stated that whereas anti-union motivation is essential to establish a violation of section 447.501(l)(b), no such discriminatory motivation need be shown in order to prove a violation of section 447.-501(l)(a).
On appeal the school board contends that PERC’s failure to follow the standard in Pasco County School Board v. PERC, 353 So.2d 108 (Fla. 1st DCA 1977), allowed the charging party to avoid the requirement of proof of an anti-union animus by the employer. Appellant contends that if an employee is not required to prove the employer’s actions were motivated by an anti-union sentiment, then an employer would be prohibited from taking actions with respect to its employees for legitimate business reasons, as guaranteed under section 447.-209. To hold that the employer’s motive is not a critical element in establishing a violation of section 447.501(l)(a) conflicts with the public employer’s rights under Chapter 447, Part II.
Under section 447.501, Unfair labor practices,
(1) Public employers or their agents or representatives are prohibited from:
(a) Interfering with, restraining, or coercing public employees in the exercise of any rights guaranteed them under this part.
(b) Encouraging or discouraging membership in any employee organization by discrimination in regard to hiring, tenure, or other conditions of employment....
Chapter 447, Part II, in addition to guaranteeing public employees the right to orga *241 nize and bargain collectively, provides that “[a]ll public employees shall have the right to a fair and equitable grievance procedure, administered without regard to membership or non-membership in any or-ganization_” § 447.401. Public employees may also bring individual grievances, with or without union representation; however, a union is not required to represent a nonunion grievant nor required to take such grievance to arbitration. § 447.-301(4); Galbreath v. School Board of Broward County, 446 So.2d 1045 (Fla.1984). As well, “[p]ublic employees shall have the right to engage in concerted activities not prohibited by law, for the purpose of collective bargaining or other mutual aid or protection.” § 447.301(3). Public employers enjoy rights under the Act also, including the right to control their operations and to direct and discipline employees for proper purposes. § 447.209.
In Pasco County School Board v. PERC, 353 So.2d 108 (Fla. 1st DCA 1977), this court reviewed a PERC order finding unfair labor practices in violation of sections 447.501(l)(a), (b) and (c). PERC’s order found violations in the refusal to rehire three teachers who had been active in the union and in an arbitrary reduction in salaries. The court looked to the National Labor Relations Act (NLRA) in construing the recently-enacted Florida Public Employees Relations Act. The court noted that section 447.501(l)(b) reflected the strong influence of a section of the NLRA that provided it was an unfair labor practice for an employer to discriminate in hiring or any term or condition of employment so as to encourage or discourage membership in any labor organization. This court said that:
In order to determine whether the evidence sustains a charge alleging an unfair labor practice, when it is grounded upon an asserted violation of protected activity, the following general principles should be considered by the hearing officer and by PERC:
(1)In any such proceeding the burden is upon the claimant to present proof by a preponderance of the evidence that (a) his conduct was protected and (b) his conduct was a substantial or motivating factor in the decision taken against him by the employer.
(2)If the hearing officer determines the decision of the employer was motivated by a non-permissible reason, the burden shifts to the employer to show by a preponderance of the evidence, notwithstanding the existence of factors relating to protected activity, it would have made the same decision affecting the employee anyway....
353 So.2d at 117. This evidentiary standard focuses on the relationship of the protected activity and the employer’s motivation in subsequent conduct or acts. While the court in Pasco County was concerned with union-related activity and motivation, the standard adopted encompasses all types of activity protected by the Act.
Where issues and rights, not directly related or limited to union activities, are otherwise protected under Chapter 447, Part II, such as the right to bring grievances, then proof of an anti-union motivation by the employer would be irrelevant to proving a charge of interference with, or restraint or coercion of, public employees in the exercise of their other rights under the Act. Appellant limits its argument to the contention that the test under Pasco County requires proof of an anti-union sentiment by the employer or its agents before the employee can establish a violation. Appellant does not argue that the employee must establish that his otherwise protected conduct, i.e., pursuing a grievance, was a substantial or motivating factor in the action taken by the employer. Appellant seeks to restrict that second prong in Pas-co County to a showing of anti-union motivation by the employer. That interpretation is much too narrow in light of the other rights being protected by this statute.
On the other hand, we find PERC’s interpretation of the appropriate standard to be too broad, in light of Pasco County. The criteria adopted by PERC allows an employee to establish an unfair labor practice based upon the reasonableness of his *242 or her own personal, subjective reaction to the employer’s conduct or actions. Such a standard would severely restrict an employer’s otherwise legitimate conduct and rights, as protected under this statute. Employers would find themselves unable to exercise their rights under the Act out of an abundance of caution that an employee might feel that the conduct interferes with their rights under the act. PERC’s interpretation would have an undue chilling effect on employers in carrying out normal and proper actions concerning employees. Under such circumstances, the employer’s motivation, a motivation originating in the otherwise protected employee conduct, must remain a critical element in establishing that such a violation occurred.
Although the evidence in this case might establish that the conduct of appellant’s agents was improperly motivated by the employees’ lodging of grievances, we are unable to say as, a matter of law that it was. We must therefore remand this case to PERC for further findings and proceedings, if necessary, as to the issue of the employer’s motivation in the reprimand of its employee, Carol MacDonald.
SHIVERS and NIMMONS, JJ., concur.