WHATLEY, Judge.
Michael P. Gibbons challenges an order of the Public Employees Relations Commission (PERC) affirming the summary dismissal of his unfair labor practice charge. We reverse.
In Gibbons’ amended charge against his employer, the Florida Department of Juvenile Justice, he alleged that the Department violated section 447.501(l)(a),(d), Florida Statutes (1995), and section 447.301(3),(4), Florida Statutes (1995). The charge, which was sworn to by Gibbons,[1] stated that during the summer of 1995 Gibbons criticized the management staff in his office on several occasions and that he counseled colleagues regarding their union rights. The charge further stated that the management staff at his office resented his activities and punished him for such activities by transferring him to an office more than fifty miles away from his present office.
In its order, PERC found that Gibbons’ charge was properly dismissed because it failed to allege a prima facie violation. PERC found that Gibbons was required to provide affidavits from witnesses who heard Gibbons’ supervisors state their intention to retaliate against him by transferring him to another office. We conclude that Gibbons’ sworn statement established a prima facie charge and that affidavits proving the employer’s motive were not necessary.
*537 We have been unable to find an opinion from a Florida court setting forth the requirements necessary to establish a prima facie charge alleging a violation of section 447.501(l)(a),(d) and section 447.301(B),(4).[2] However, federal courts have addressed the necessary allegations that a plaintiff must make to establish a prima facie charge of retaliation in discrimination complaints. See Pasco County Sch. Bd. v. Florida Pub. Employees Relations Comm’n, 353 So.2d 108 (Fla. 1st DCA 1977).
In Weaver v. Casa Gallardo, Inc., 922 F.2d 1515 (11th Cir.1991), the court found that proof of a prima facie case of retaliation requires a showing that: 1) the plaintiff was engaged in protected activity; 2) the plaintiff was thereafter subjected by his employer to an adverse employment action; and 3) there is a causal link between the protected activity and the adverse employment action. See Bragalone v. Kona Coast Resort Joint Venture, 866 F.Supp. 1285 (D.Hawai’i 1994); Hairston v. Gainesville Sun Publ’g Co., 9 F.3d 913 (11th Cir.1993).
[T]he causal link in the [retaliatory discharge] formula [is not] the sort of logical connection that would justify a prescription that the protected participation in fact prompted the adverse action. Such a connection would rise to the level of direct evidence of discrimination, shifting the burden of persuasion to the defendant. Rather, we construe the ‘causal link’ element to require merely that the plaintiff establish that the protected activity and the adverse action were not wholly unrelated.
Simmons v. Camden County Bd. of Educ., 757 F.2d 1187, 1189 (11th Cir.1985). The plaintiff, at a minimum, must establish that the employer was aware of the protected expression when it took the adverse employment action. Hairston, 9 F.3d at 920 (quoting Goldsmith v. City of Atmore, 996 F.2d 1155 (11th Cir.1993)).[3]
In the present case, Gibbons alleged that he was engaged in protected activity pursuant to section 447.301(3),(4), which provides that public employees have the right to engage in concerted activities not prohibited by law for the purpose of collective bargaining or other mutual aid or protection and that they have the right to present grievances to their employer. Further, Gibbons alleged that he was thereafter subjected to an adverse employment action, because he was transferred to an office more than fifty miles away from his current office.
Finally, Gibbons alleged a causal link between his protected activity and the adverse employment action by claiming that his employer was aware of his protected expression when his employer took the adverse employment action. Gibbons stated in his charge that he had informed his supervisors about his complaints on numerous occasions.
Based on the foregoing, we conclude that Gibbons’ charge alleged a prima facie case. Accordingly, we reverse the order dismissing Gibbons’ charge and remand with instructions to reinstate the charge and for further proceedings consistent with this opinion.
Reversed and remanded with instructions.
LAZZARA, AC.J., and NORTHCUTT, J„ concur.

. Section 447.503(1), Florida Statutes (1995), provides that the charge must be accompanied by sworn statements and documentary evidence establishing a prima facie violation of the applicable unfair labor practice provision.

. In F.U.S.A., FTP-NEA v. Hillsborough Community College, 440 So.2d 593 (Fla. 1st DCA 1983), and Pasco County School Board v. Florida Public Employees Relations Commission, 353 So.2d 108 (Fla. 1st DCA 1977), the First District Court of Appeal did not address the sufficiency of the charges. However, the charges in both cases merely alleged that the employees were terminated or denied contract renewal in retribution for their participation in protected activity.

. Once the plaintiff has established a prima facie case of retaliation, the burden shifts to the defendant to rebut the presumption of retaliation by producing legitimate, nonretaliatory reasons for the adverse employment action. Hairston v. Gainesville Sun Publ'g Co., 9 F.3d 913, 919 (11th Cir.1993). See Pasco County Sch. Bd. v. Florida Public Employees Relations Comm’n, 353 So.2d 108 (Fla. 1st DCA 1977). If the defendant sets forth such reasons, the burden then shifts back to the plaintiff to raise a genuine factual question as to whether the reasons are mere pretext. Hair-ston, 9 F.3d at 920.