939 So.2d 1085 (2006)
ANDREA J.B. CAGLE, Appellant,
v.
ST. JOHNS COUNTY SCHOOL DISTRICT, ET AL., Appellee.
Case No. 5D05-1380.
District Court of Appeal of Florida, Fifth District.
Opinion filed September 1, 2006.
Andrea J.B. Cagle, South Ponte Vedra Beach, Pro Se.
Thomas J. Leek and Kelly V. Parsons, of Cobb & Cole, Daytona Beach, for Appellee.
ORFINGER, J.
Andrea J.B. Cagle timely appeals an order of the Public Employees Relations Commission ("PERC") dismissing her amended unfair labor practices charge against the St. John's County School District ("School District"). On appeal, Ms. Cagle argues that PERC erred by summarily dismissing her unfair labor practices charge and not providing her with an evidentiary hearing on these charges. For the reasons explained hereafter, we affirm.
Ms. Cagle is the wife of a disabled veteran who qualifies for a veterans' preference in hiring pursuant to section 295.07(1)(b), Florida Statutes (2004).[1] After the School District did not hire Ms. Cagle for employment in 2001, she filed an administrative complaint with PERC against the School District based on her veterans' preference. During the hearing, a no trespass order was issued against Ms. Cagle's husband for threatening the well-being of those at the hearing. Notwithstanding, Ms. Cagle prevailed at the hearing. The School District appealed the decision, but, ultimately, the parties entered into a settlement agreement. As a result of the settlement agreement, Ms. Cagle signed a one-year contract with the School District and was employed at R.B. Hunt Elementary School for the 2003-2004 school year as a fourth grade teacher.
Ms. Cagle entered into service at R.B. Hunt Elementary as agreed upon. In the fall of 2003, the vice-principal of R.B. Hunt assessed Ms. Cagle's skills in the classroom, giving Ms. Cagle overall good marks, with several suggestions for improvement. However, in March 2004, Principal Barbara Stevens conducted an unannounced observation of Ms. Cagle's classroom, or classroom "snap shot," which was not favorable to her.
In response to the unflattering evaluation, Ms. Cagle provided Principal Stevens with a 146-page packet of documents. The packet included a copy of the transcript from the 2002 hearing at which Ms. Cagle testified regarding her veterans' preference. Shortly thereafter, Principal Stevens sent a copy of the documents to James Springfield, the Executive Director of Human Resources at the School District. She explained to Mr. Springfield via e-mail that she needed his "input and support in this recommendation issue" because if she does not recommend Ms. Cagle for re-appointment for the following school year, "it will bring litigation."
In late April 2004, Principal Stevens met with Ms. Cagle for her year-end evaluation. At the meeting, Principal Stevens told Ms. Cagle that she was recommending that Ms. Cagle not be rehired. Ms. Cagle left the meeting without signing her evaluation. The following day, Ms. Cagle called in sick. Later that day, Ms. Cagle's grandson entered her classroom under the guise of giving a chorus announcement, but, instead, informed the class that Principal Stevens was trying to fire his grandmother and the students should tell their parents. After Ms. Cagle refused to answer six investigative questions asked by the School District, she was placed on administrative leave until the end of her contract term. Ms. Cagle's annual contract expired May 25, 2005, and she was not rehired for the following school year.
Ms. Cagle then filed a pre-hearing statement with PERC in a new veterans' preference case. In the statement, Ms. Cagle alleged, among other things, that the School District had retaliated against her, in violation of section 447.501(1)(d), Florida Statutes (2004), by discharging or otherwise discriminating against her through a series of unfair labor practices, including an unlawful suspension and violations of personnel laws. PERC transferred and docketed Ms. Cagle's retaliation claim as an unfair labor practice charge.
Ms. Cagle subsequently filed a separate unfair labor practice charge against the School District. In addition to alleging violations of section 447.501(1)(d), Ms. Cagle also alleged that the School District violated section 447.501(1)(a), which prohibits an employer from interfering with, restraining, or coercing a public employee in the exercise of any rights guaranteed by chapter 447 of the Florida Statutes. Ms. Cagle's charges were consolidated to determine whether the allegations established a prima facie violation of the unfair labor practice laws.
In Ms. Cagle's consolidated charges, she alleged that the School District discriminated against her due to her status as the wife of a disabled veteran and because she had previously filed a veterans' preference case against the School District in 2001. Specifically, Ms. Cagle asserted that the School District acted adversely to her in the following ways: issued a no trespass order against her husband in 2002 at the previous veterans' preference hearing, did not comply with PERC's 2002 final order or the subsequent settlement agreement between the parties, treated Ms. Cagle disparately during the 2003-2004 school year, charged Ms. Cagle with "unprofessionalism" and sent untruthful letters to the parents of the students in her class, suspended Ms. Cagle and placed her on administrative leave, discharged Ms. Cagle from her teaching position under the guise of a "non-renewal of an annual contract," and subjected her to a hate crime.[2]
PERC's General Counsel summarily dismissed both unfair labor practice cases, finding that they failed to provide facts that demonstrated that Ms. Cagle's prior veterans' preference complaint and testimony were substantial or motivating factors in the alleged retaliation by the School District. However, the General Counsel noted that that if Ms. Cagle felt that the School District had not complied with the settlement agreement, she should seek enforcement of that settlement agreement in the circuit court.
Ms. Cagle appealed to PERC, amending her charge and alleging eleven incidents that constituted violations of section 447.501(1)(d). Because the appeal alleged additional facts and included supporting documents that were not previously considered, the appeal was remanded as an amended charge for the General Counsel to determine the sufficiency of Ms. Cagle's allegations. On remand, PERC's General Counsel determined that Ms. Cagle's amended charge failed to establish a prima facie violation of the unfair labor practice laws and summarily dismissed it. According to the General Counsel, some of the allegations were untimely and others did not constitute adverse actions because there were no tangible punitive impacts as a result of their occurrence. Additionally, the General Counsel found that there were facially valid reasons for the School District to take certain actions against Ms. Cagle but not against other employees, and that there was no objective evidence linking Ms. Cagle's protected activity to the School District's actions.
Ms. Cagle again appealed to PERC, alleging ten "exceptions" to the General Counsel's summary dismissal of the amended charge, which she claimed were sufficient to establish a prima facie violation of section 447.501(1)(d). Ms. Cagle objected to the conclusions of the General Counsel, and also included new factual allegations and supporting documents that had not previously been provided to the General Counsel.
PERC subsequently issued a final order, affirming the General Counsel's summary dismissal of the amended charge. In its final order, PERC incorporated the additional evidence that Ms. Cagle provided in her exceptions, and found that this new allegation would have been dismissed by the General Counsel as untimely. Thereafter, incorporating the new allegation, PERC considered all of Ms. Cagle's arguments, and dismissed the unfair labor practice charge in its entirety. This appeal followed.
This Court reviews the record to determine whether the administrative action is supported by competent, substantial evidence. § 120.68, Fla. Stat. (2005); Laney v. Bd. of Pub. Instruction for Orange County, 15 So. 2d 748, 753 (Fla. 1943); Braddock v. Sch. Bd. of Nassau County, 455 So. 2d 394, 396 (Fla. 1st DCA 1984). Review of an agency's statutory interpretation is de novo. See Sullivan v. Fla. Dep't of Envtl. Prot., 890 So. 2d 417, 420 (Fla. 1st DCA 2004). However, administrative agencies are "afforded wide discretion in the interpretation of a statute which it is given the power and duty to administer." Republic Media, Inc. v. Dep't of Transp., 714 So. 2d 1203, 1205 (Fla. 5th DCA 1998). As a result, "a reviewing court must defer to an agency's interpretation of an operable statute as long as that interpretation is consistent with legislative intent and is supported by substantial, competent evidence." Pub. Employees Relations Comm'n v. Dade County Police Benevolent Ass'n, 467 So. 2d 987, 989 (Fla. 1985). If the agency's interpretation is within the range of possible and reasonable interpretations, it is not clearly erroneous and should be affirmed. See Novick v. Dep't of Health, Bd. of Med., 816 So. 2d 1237, 1240 (Fla. 5th DCA 2002); Republic Media, Inc., 714 So. 2d at 1205.
The courts have recognized that PERC has developed special expertise in addressing labor issues and is uniquely qualified to interpret and apply the policies enunciated in chapter 447. See Laborers' Int'l Union of N. Am. v. Greater Orlando Aviation Auth., 869 So. 2d 608, 610 (Fla. 5th DCA 2004); Sch. Bd. of Dade County v. Dade Teachers Ass'n, 421 So. 2d 645, 647 (Fla. 3d DCA 1982). Thus, its decisions on this area of law are entitled to considerable deference by this Court. See Laborers' Int'l Union of N. Am.; Sch. Bd. of Dade County.
Ms. Cagle asserts that she presented a prima facie case to PERC, and that PERC erred in summarily dismissing the amended complaint. The School District disagrees, arguing that Ms. Cagle did not establish a prima facie violation of the unfair labor practices laws. As a result, the School District contends that PERC properly dismissed the amended charge.
In order to sustain an unfair labor practice charge, the law requires that the charge and supporting documents provide evidence to support a prima facie violation of the unfair labor practice alleged. § 447.503(1), Fla. Stat. (2004). As set forth in PERC's final order, the applicable standard is found in Pasco County School Board v. Florida Public Employment Relations Commission, 353 So. 2d 108, 117 (Fla. 1st DCA 1977), in which the court held:
In order to determine whether the evidence sustains a charge alleging an unfair labor practice, when it is grounded upon an asserted violation of protected activity, the following general principles should be considered by the hearing officer and by PERC:
(1) In any such proceeding the burden is upon the claimant to present proof by a preponderance of the evidence that (a) his conduct was protected and (b) his conduct was a substantial or motivating factor in the decision taken against him by the employer.
(2) If the hearing officer determines the decision of the employer was motivated by a non-permissible reason, the burden shifts to the employer to show by a preponderance of the evidence that notwithstanding the existence of factors relating to protected activity, it would have made the same decision affecting the employee anyway. In considering the employer's explanation, the examiner should attempt to strike an equitable balance between the rights of an employer whose duty, as here, is to promote the efficiency of public services through its public employees, and the rights of a nontenured public school teacher to be secure in his employment, free from discrimination due to his union activity.
(Footnotes omitted); see Gibbons v. State Pub. Employees Relations Comm'n, 702 So. 2d 536, 537 (Fla. 2d DCA 1997). In its final order, PERC addressed each of Ms. Cagle's exceptions to the General Counsel's summary dismissal. PERC cogently articulated its reasoning and conclusions in support of dismissing Ms. Cagle's charges. The record supports PERC's conclusions. Ms. Cagle's allegations do not establish a prima facie case of retaliation.
Lastly, Ms. Cagle argues that PERC erred by summarily dismissing her claim without holding a hearing. She further alleges that the record shows that PERC did not provide her time to finish drafting her appeal before it was denied. We disagree. A claimant is only entitled to an evidentiary hearing when the claimant can show a nexus between the protected activity and the alleged adverse action. Gibbons, 702 So. 2d at 537; Pasco County, 353 So. 2d at 119. Here, there is competent, substantial evidence in the record to support PERC's finding that Ms. Cagle failed to show a sufficient nexus between the protected activity and the adverse action. Ms. Cagle did not meet her burden of showing that the School District's reasons for placing her on administrative leave were pretextual. In the absence of such evidence, Ms. Cagle did not demonstrate that her prior protected activity was a substantial or motivating factor in either the School District's decision to place her on administrative leave or to not renew her contract. As a result, Ms. Cagle was not entitled to an evidentiary hearing on her unfair labor practices claim.
For these reasons, we affirm PERC's final order.
AFFIRMED.
SAWAYA and TORPY, JJ., concur.
NOTES
[1] In relevant part, section 295.07(1)(b), Florida Statutes (2004), provides:

(1) The state and political subdivisions in the state shall give preference in appointment and retention in positions of employment to:
. . . .
(b) The spouse of any person who has a total disability, permanent in nature, resulting from a service-connected disability and who, because of this disability, cannot qualify for employment. . . .
[2] The alleged hate crime was requiring Ms. Cagle to attend a ceremony honoring a teacher from her school as teacher of the year. Ms. Cagle asserts this was a "hate crime" because the teacher of the year had been hired instead of Ms. Cagle in 2001.