*786
 
 SALTER, J.
 

 Miami-Dade County has filed a petition to vacate a stay of a collective bargaining impasse process entered by the Florida Public Employees Relations Commission (“PERC”). We grant the petition.
 

 The County finds itself in the midst of a fiscal crisis. It is proposing over five percent in wage reductions from all of its unions, including the Transport Worker’s Union of America, Local 291 (“TWU”). TWU was requesting a bonus and a salary increases over the next two years. The County asserts that it is not in a position to meet this demand. The parties have attempted to resolve this difference. During the negotiations, the County is required to .honor existing wage provisions. After several months of negotiations, the parties were unable to resolve their differences; an impasse was reached.
 

 The County instituted proceedings for resolving such an impasse, requesting a hearing before a special master, as provided in section 447.403, Florida Statutes (2009). PERC appointed a special master, and a hearing was scheduled. TWU then filed an unfair labor practice charge with the PERC alleging that the County had not bargained sufficiently over the compensation issues. Based on that charge, PERC stayed the impasse-resolution proceedings (by a 2-1 vote, the Chair dissenting).
 

 The prompt resolution of this collective bargaining dispute is in everyone’s best interest: the County needs to balance its budget; the TWU and its members need a bottom line; and County citizens need the security of knowing that services are not interrupted, but are being delivered at costs that can be met under current financial circumstances. To promote prompt resolution, section 447.403 provides for resolution of bargaining impasses. In fact, it is an unfair labor practice to avoid resolution of disputes through the impasse procedure.
 
 See City of Orlando v. Int’l Ass’n of Fire Fighters, Local 1365,
 
 384 So.2d 941 (Fla. 5th DCA 1980). In this case, however, the impasse procedure was properly invoked by the County and should not have been stayed by the PERC.
 

 There is no record support for PERC’s finding that the immediate resolution of the impasse is not critical. § 120.68(7)(b), Fla. Stat. (2009);
 
 Cagle v. St. John’s County School Dist.,
 
 939 So.2d 1085 (Fla. 5th DCA 2006). The record shows that maintaining wages at the level of current contract provisions is grossly detrimental to the County’s fiscal well-being. The need to resolve the impasse is critical. Negotiations, though ongoing for quite some time, have been unsuccessful. The impasse proceedings were properly invoked, and the stay was erroneously granted.
 

 Based on the foregoing, we grant the petition, vacate the stay and remand for further proceedings consistent with this opinion.