PER CURIAM.
Justin Koren [“Koren”] appeals from the Florida Public Employed Relations Commission’s [“PERC”] order affirming the General Counsel’s summary dismissal of Koren’s unfair labor practices complaints. Our review in this case is de novo. See Miami-Dade County v. Government Supervisors Ass’n of Florida, OPEIU AFL-CIO Local 100, 907 So.2d 591, 593 (Fla. 3d DCA2005). We affirm.
Koren filed a complaint against the School Board of Miami-Dade County [“School Board”] alleging unfair labor practices violations pursuant to sections 447.501(l)(a) and (d), Florida Statutes (2008).[1] The allegations arose out of a series of interactions between Koren and Deborah Leal [“Leal”], principal of South-wood Middle School, where Koren worked *1092 as a language arts teacher. Koren alleged that Leal determined to discharge or transfer him, was vindictive and manipulative, and that she publically humiliated him with false and misleading charges of misbehavior or malfeasance. Koren alleged that she did this in retaliation for his involvement in a civil rights violation complaint by another employee against Leal.[2]
In evaluating Koren’s complaint, the PERC relied on Pasco County School Board v. Fla. Pub. Emps. Relations Comm’n, 353 So.2d 108 (Fla. 1st DCA 1977), which sets forth a two-part test for the sufficiency of an unfair labor practice charge. The Pasco case provides that, “in any such proceeding the burden is upon the claimant to present proof by a preponderance of the evidence that (a) his conduct was protected and (b) his conduct was a substantial or motivating factor in the decision taken against him by the employer.” Although the PERC found that Ko-ren’s participation in a civil rights action in March 2008 qualified as protected activity and met the first prong of the Pasco test, the General Counsel also found that Koren failed to prove by a preponderance of the evidence that his protected conduct was “a substantial and motivating factor” in Leal’s alleged retaliatory actions.
After Koren’s initial complaint was dismissed, he filed an amended complaint alleging that about one month after he filed his original complaint, he was escorted from his classroom, and subsequently was involuntarily transferred to another school several miles away without explanation. The PERC also dismissed the amended complaint as insufficient to establish a pri-ma facie violation of an unfair labor practice. On appeal, the Commission reviewed Koren’s charges in both cases and concluded that they did not demonstrate prima facie violations of the applicable statutes, and affirmed the General Counsel’s dismissal. On the same day Koren filed his appeals, he filed a new unfair labor practice charge with new allegations. This, too, was summarily dismissed. Koren appealed from that dismissal, and the Commission affirmed that dismissal as well. Koren here appeals.
Koren bases his unfair labor practice allegations on several incidents that he claims show adverse employment action and prove Leal’s animus against him for engaging in a protected activity.[3] Al *1093 though PERC decisions on unfair labor practice charges are entitled to considerable deference on appeal, we review this case de novo. See Cagle v. St. Johns County School Dist., 939 So.2d 1085 (Fla. 5th DCA 2006) (holding that review of an agency’s statutory interpretation is de novo, and that a reviewing court must defer to an agency’s interpretation of an operable statute as long as that interpretation is consistent with legislative intent and is supported by substantial, competent evidence, and is not clearly erroneous) and cases cited therein; see also Miami-Dade County v. Government Supervisors Ass’n of Florida, OPEIU AFL-CIO Local 100, 907 So.2d 591, 593 (Fla. 3d DCA 2005) (acknowledging the case law that accords deference to PERC and warning that PERC’s interpretation of the law should not be reversed unless clearly erroneous, yet stating that the appellate court does not have to accord deference to PERC’s interpretation of the law where that interpretation conflicts with the plain and ordinary meaning of the statute); Florida Public Employees Council 79, AFSCME, AFL-CIO v. State, 921 So.2d 676 (Fla. 1st DCA 2006) (same); School Bd. of Dade County v. Dade Teachers Ass’n, FTP-NEA, 421 So.2d 645 (Fla. 3d DCA 1982).
After a thorough reading of the record, we cannot say that the events set forth in Koren’s complaints rise to the level of retaliation or employment discrimination contemplated by sections 447.501(l)(a) and (d), Florida Statutes (2008) and conclude that the record reveals no basis for finding a prima facie violation of that statute. See Sch. Bd. of Lee County v. Lee County Sch. Bd. Employees, Local 780, AFSCME, 512 So.2d 238, 239 (Fla. 1st DCA 1987) (holding that, in proving a violation of section 447.501(1)(a), an employee must show that his or her otherwise protected activity was a substantial or motivating factor in the employer’s decision or action which constituted the alleged violation). “A successful claim under section 447.501(l)(a) does not hinge on the employee’s ‘reasonable belief.’ Rather, a successful claim under this provision requires proof that the exercise of statutorily protected conduct motivated the employer to make a threatening or coercive decision or a decision against the employee’s interest.” City of Coral Gables v. Coral Gables Walter F. Stathers Mem’l Lodge 7, Fraternal Order of Police, 976 So.2d 57, 63 (Fla. 3d DCA 2008); see also MacLean v. City of St. Petersburg, 194 F.Supp.2d 1290, 1298 (M.D.Fla.2002) (reminding that an employment action is not adverse merely because the employee dislikes or disagrees with it). A public employee’s failure to prove that the exercise of statutorily protected conduct motivated the employer to make a threatening or coercive decision or a decision against the employee’s interest constitutes a failure to establish a prima facie case of the alleged unfair labor practice. City of Coral Gables, 976 So.2d at 64. Although the record suggests that the two parties had disagreements, there is just not sufficient objective evidence of animus, or relation of adverse events to Koren’s participation in a protected activity, necessary to sustain the allegations of unfair labor practices as set forth by statute and case law. See Lawrence v. Wal-Mart Stores, Inc., 236 F.Supp.2d 1314 (M.D.Fla.2002) (holding that, even if Plaintiff showed that he suffered an adverse employment action, he did not show that the employment actions were causally related to his statutorily protected conduct).
Affirmed.
SUAREZ and SALTER, JJ., concur.

. (1) Public employers or their agents or representatives are prohibited from:
(a) Interfering with, restraining, or coercing public employees in the exercise of any rights guaranteed them under this part.
[[Image here]]
(d) Discharging or discriminating against a public employee because he or she has filed charges or given testimony under this part.

. Although the record below does not explicitly state that Koren ghost-wrote the 2008 civil rights complaint for a school district employee, Koren indicates in his Initial Brief to this Court that he assisted the school district employee in drafting her civil rights complaint against the School Board and Leal. Koren alleges that Leal confronted him about his role in the complaint, and that Koren refused to discuss the matter with her when she asked him. The record also indicates that Koren received a witness notification letter from the School District’s Office of Civil Rights Compliance requesting his cooperation as a witness in the investigation of the other employee's complaint against Leal.

. For example: granting Koren sick leave and then accusing him of abandoning his job; unfairly charging Koren with violating a regulation regarding his computer password; failing to enthusiastically endorse his "Rookie Teacher-of-the-Year” award; failing to place his "Rookie Teacher-of-the-Year” announcement on the forward face of the school marquee over spring break; failing to personally announce his award on the school intercom. The school board authorized Koren’s transfer to a school twenty-four miles distant, but this is not directly attributable to Leal as actionable retaliation. Koren has not claimed that he has suffered a loss of wages or benefits, demotion, or similar actions. See Graham v. Fla. Dep't of Corrections, 1 F.Supp.2d 1445, 1449 (M.D.Fla.1998) (finding that a materially adverse change related to retaliation might be indicated by a termination of employment, a demotion evidenced by a decrease in wage or salary, a less distinguished title, a material loss of benefits, significantly diminished mate *1093 rial responsibilities, or other indices that might be unique to a particular situation).