PERRY, J.
Justin Koren seeks review of the decision of the Third District Court of Appeal in Koren v. School District of Miami-Dade County, 46 So.3d 1090 (Fla. 3d DCA 2010), on the ground that it expressly and directly conflicts with the decision of the Second District Court of Appeal in Gibbons v. State Public Employees Relations Commission, 702 So.2d 536, 537 (Fla. 2d DCA 1997), on the standard to apply when reviewing an unfair labor practice (ULP) charge for a statement of a prima facie ease. We have jurisdiction. See art. V, § 3(b)(3), Fla. Const. For the reasons expressed below, we quash the decision of the Third District below and remand with instructions to reinstate the charge for further proceedings.
FACTS AND PROCEDURAL HISTORY
Koren was a teacher at Southwood Middle School, where he had worked as a language arts teacher since 2005. In February 2008, he assisted a security guard, Kimberly Morris, in drafting a charge of harassment for sexual orientation against the School District and the school principal, Deborah Leal. After learning about Morris’s complaint, Leal summoned Koren to a meeting in her office. Leal confronted Koren about the Morris complaint, insinuating that he was the author of the complaint. She questioned Koren about whether he believed that the contents of the Morris complaint were true, and if that was why his behavior toward Leal had changed. Koren filed a charge against the School Board of Miami-Dade County alleging unfair labor practices violations pursuant to sections 447.501(l)(a) and (d), Florida Statutes (2008).
In his ULP charge, Koren alleged that after that meeting Leal began to retaliate against him — subjecting him to two groundless disciplinary actions and trans *217 ferring him, without explanation, to a school twenty-four miles away.[1] Koren filed his initial ULP charge against the School Board on February 9, 2009. The General Counsel of the Public Employees Relations Commission (PERC) dismissed the charge with leave to amend. The General Counsel found that Koren failed to prove by a preponderance of the evidence that his protected conduct was “a substantial and motivating factor” in Leal’s alleged retaliatory actions. Koren subsequently filed two more charges, both of which were summarily dismissed by the General Counsel. Koren appealed to PERC, which approved the dismissals.
Koren appealed the summary dismissals to the Third District. The Third District affirmed, stating that “[a]fter a thorough reading of the record, we cannot say that the events set forth in Koren’s complaints rise to the level of retaliation or employment discrimination contemplated by sections 447.501(l)(a) and (d), Florida Statutes (2008) and conclude that the record reveals no basis for finding a prima facie violation of that statute.” Koren, 46 So.3d at 1093 (citing Sch. Bd. of Lee Cnty. v. Lee Cnty. Sch. Bd. Employees, Local 780, AFSCME, 512 So.2d 238 (Fla. 1st DCA 1987)). The Third District found that although “the two parties had disagreements, there is just not sufficient evidence of animus, or relation of adverse events to Koren’s participation in a protected activity, necessary to sustain the allegations of unfair labor practices as set forth by statute and case law.” Id. (citing Lawrence v. Wal-Mart Stores, Inc., 236 F.Supp.2d 1314 (M.D.Fla.2002)). Because we find that the actions alleged in Koren’s claim were sufficient to establish a prima facie violation of section 447.501 we conclude that the Third District incorrectly affirmed PERC’s dismissal of Koren’s charges.
Koren’s complaint filed against the School Board of Miami-Dade County alleged violations pursuant to sections 447.501(l)(a) and (d). Section 447.501 (l)(a), Florida Statutes (2008), provides:
Public employers or their agents or representatives are prohibited from interfering with, restraining, or coercing public employees in the exercise of any rights guaranteed them under this part.
§ 447.501(l)(a), Fla. Stat. (2008). Section 447.501(l)(d) provides:
Public employers or their agents or representatives are prohibited from discharging or discriminating against a public employee because he or she has filed charges or given testimony under this part.
§ 447.501(l)(d), Fla. Stat. (2008). Section 447.503, Florida Statutes (2008), outlines the requirements for filing a ULP complaint, including that the complaint “shall contain a clear and concise statement of facts constituting the alleged unfair labor practice,” make specific reference to the provisions alleged to have been violated, *218 and be accompanied by sworn statements and documentary evidence sufficient to establish a prima facie violation. § 447.503(1), Fla. Stat. (2008). Section 447.503 then requires that PERC “review the charge to determine its sufficiency.” § 447.503(2), Fla. Stat. (2008).
*217 On September 29, 2008, Leal sent Koren a certified letter advising him that a formal investigation had begun regarding whether he had violated a School District policy by giving his user name and password to a substitute teacher and paraprofessional in order to enter students' grades into the grade book during his leave of absence.
On March 6, 2009, Koren was removed from his classroom and sent home without explanation. On March 10, 2009, Koren was transferred to another school.
*218 Relying on Pasco County School Board v. Florida Public Employees Relations Commission, 353 So.2d 108 (Fla. 1st DCA 1977), PERC determined that Ko-ren’s complaint was insufficient. Pasco provides:
In order to determine whether the evidence sustains a charge alleging an unfair labor practice, when it is grounded upon an asserted violation of protected activity, the following general principles should be considered by the hearing officer and by PERC:
(1) In any such proceeding the burden is upon the claimant to present proof by a preponderance of the evidence that (a) his conduct was protected and (b) his conduct was a substantial or motivating factor in the decision taken against him by the employer.
(2) If the hearing officer determines the decision of the employer was motivated by a non-permissible reason, the burden shifts to the employer to show by a preponderance of the evidence that notwithstanding the existence of factors relating to protected activity, it would have made the same decision affecting the employee anyway. In considering the employer’s explanation, the examiner should attempt to strike an equitable balance between the rights of an employer whose duty, as here, is to promote the efficiency of public services through its public employees, and the rights of a non-tenured public school teacher to be secure in his employment, free from discrimination due to his union activity.
(3)PERC, when reviewing the hearing officer’s recommendations, shall evaluate them pursuant to the procedure set forth by Section 120.57(l)(b) 9, requiring generally that before PERC reject or modify the hearing officer’s findings of fact that it first determine from a review of the entire record the findings were not based on competent substantial evidence.
Pasco, 353 So.2d at 117-18 (footnotes omitted). As noted by the Pasco court, the “preponderance of the evidence” standard “is the usual burden upon the charging party at agency proceedings.” Id. at 117 n. 5 (citing Florida Dep’t of Health & Rehab. Servs. v. Career Serv. Comm’n, 289 So.2d 412, 415 (Fla. 4th DCA 1974)). We do not disagree that this is the appropriate standard to be applied before an administrative tribunal. See also School Bd. of Lee Cnty. v. Lee Cnty. School Bd. Employees, Local 780, AFSCME, 512 So.2d 238, 239 (Fla. 1st DCA 1987) (“In proving a violation of section 447.501(l)(a), an employee must show that his or her otherwise protected activity was a substantial or motivating factor in the employer’s decision or action which constituted the alleged violation.”). However, this heightened standard is not appropriate when first determining whether a claimant has stated a prima facie violation in his or her charge.
The only court to provide an explanation of the requirements to establish a prima facie charge alleging a violation of section 447.501(l)(a), (d) has been the Second District Court of Appeal in Gibbons v. State Public Employees Relations Commission, 702 So.2d 536, 537 (Fla. 2d DCA 1997) (“We have been unable to find an opinion from a Florida court setting forth the requirements necessary to establish a prima facie charge alleging a violation of section 447.501(a), (d) and section 447.301(3), (4).”).
*219 Relying on federal caselaw, the Gibbons court provided:
[P]roof of a prima facie case of retaliation requires a showing that: 1) the plaintiff was engaged in protected activity; 2) the plaintiff was thereafter subjected by his employer to an adverse employment action; and 3) there is a causal link between the protected activity and the adverse employment action.
Id. at 587. We find this standard appropriate and apply it here. We find that the record demonstrates that Koren established a prima facie charge of a violation of section 447.501.
As for the first prong, there is no dispute from the parties that Koren was engaged in a protected activity and that it is impermissible to retaliate against an employee for engaging in protected activity. Koren’s first complaint stemmed from Leal’s alleged reaction to his helping Morris draft a complaint. Assisting a fellow employee in drafting a ULP charge is clearly a protected activity under section 447.501.
Koren alleges three actions to satisfy the second prong under Gibbons: (1) that he was falsely accused of job abandonment; (2) that he was falsely charged for the misuse of his password; and (3) that he was involuntarily transferred more than twenty-four miles from his current school. Treated together, we find that the totality of circumstances alleged in Koren’s charge were sufficient to demonstrate prima facie evidence that Koren suffered an adverse employment action.
As it relates to the involuntary transfer, the United States Supreme Court has stated, ‘Whether a particular reassignment is materially adverse depends upon the circumstances of the particular case, and ‘should be judged from the perspective of a reasonable person in the plaintiffs position, considering all the circumstances.’ ” Burlington N. & Santa Fe Ry. Co. v. White, 548 U.S. 53, 71, 126 S.Ct. 2405, 165 L.Ed.2d 345 (2006) (quoting Oncale v. Sundowner Offshore Sens., Inc., 523 U.S. 75, 81, 118 S.Ct. 998, 140 L.Ed.2d 201 (1998)). Koren alleged that he was transferred to a school twenty-four miles away. Koren stated that the transfer adds 960 miles each month for an additional $200 expense. There is no bright-line rule regarding the necessary distance of transfer to be considered adverse. We do not think one needs to exist. We find that irrespective of the number of miles, a reasonable person in Koren’s circumstances would find such an additional drive and cost an adverse action. Accordingly, we find that Koren’s allegations regarding his transfer provided sufficient evidence of adverse employment action to survive summary dismissal.
Lastly, we find that Koren sufficiently alleged a causal link between the protected activity and the adverse employment action. The Gibbons court is again instructive:
[T]he causal link in the [retaliatory discharge] formula [is not] the sort of logical connection that would justify a prescription that the protected participation in fact prompted the adverse action. Such a connection would rise to the level of direct evidence of discrimination, shifting the burden of persuasion to the defendant. Rather, we construe the ‘causal link’ element to require merely that the plaintiff establish that the protected activity and the adverse action were not wholly unrelated.
Gibbons, 702 So.2d at 537 (quoting Simmons v. Camden Cnty. Bd. of Educ., 757 F.2d 1187, 1189 (11th Cir.1985)). Gibbons alleged that during the summer of 1995, he criticized management staff in his office and counseled colleagues regarding their *220 union rights. Gibbons, 702 So.2d at 536. Gibbons further alleged that management resented his activities and punished him by transferring him to an office fifty miles away. Id. Although PERC dismissed Gibbons’ complaint stating that it failed to allege a prima facie violation and finding that Gibbons was required to provide affidavits from witnesses who heard Gibbons’ supervisors state their intention to retaliate against him by transferring him to another office, the Second District found that Gibbons had alleged a prima facie case:
Gibbons alleged a causal link between his protected activity and the adverse employment action by claiming that his employer was aware of his protected expression when his employer took the adverse employment action. Gibbons stated in his charge that he had informed his supervisors about his complaints on numerous occasions.
Id. Additionally, the First District has found that an unfair labor practice can be found by circumstantial evidence. See Pasco Cnty. Sch. Bd. v. Fla. Pub. Employees Relations Comm’n, 353 So.2d 108, 119 (Fla. 1st DCA 1977) (“The timing of the decision by the employer in connection with the employee’s union activity is a proper consideration to a determination whether an unfair labor practice was committed. A discharge of an employee, followed closely on the heels of an employer’s display of anti-union animus, supports a finding of an unfair labor practice.”).
Koren assisted Morris in drafting her complaint on February 24, 2008. He was confronted by Leal about the complaint on March 12. On March 17, Leal allegedly composed a “half-hearted recommendation” after Koren was nominated for Rookie Teacher of the Year. On March 20, Leal responded to efforts to get her to write a stronger recommendation that she was- uncomfortable doing so. Once Koren won the award, Leal did not make the announcement herself to the school and instead passed the microphone to someone else. Additionally, she displayed the award on the marquee only during spring break and on the side that did not face traffic. The following school year began with the false charge of job abandonment. Koren’s first complaint was filed February 9, 2009, and he was involuntarily transferred on March 6, 2009. The charge based on the timing of these events was adequate to survive the summary dismissal.
Accordingly, we quash the decision below with instructions to remand for proceedings consistent with our ruling.
It is so ordered.
PARIENTE, LEWIS, QUINCE, and LABARGA, JJ., concur.
CANADY, C.J., and POLSTON, J„ concur in result.

. Koren became sick three weeks after the 2008-2009 school year began. His last day of work was September 5, 2008. On September 8, 2008, Leal signed and dated Koren’s leave of absence form, indicating that she recommended approval. However, on September 22, 2008, Koren received a certified letter accusing him of job abandonment and stating that if he did not respond, he would be dismissed.