PER CURIAM.
Appellant appeals the final order assessing a penalty against it for failing to maintain workers’ compensation insurance for its employees. Although it concedes that it failed to provide the insurance as required by law, it contends that it is statutorily exempt from the penalty. Because Appellee’s interpretation of the statute is reasonable and not clearly erroneous, we affirm.
Section 440.107, Florida Statutes (2013), empowers Appellee to enforce employer compliance with workers’ compensation coverage requirements. Specifically, section 440.107(7)(d)l., Florida Statutes, states, in pertinent ■ part, that Appellee:
shall assess against any employer who has. failed to secure the payment of compensation as required by this chapter a penalty equal to 1.5 times the amount the employer would have paid in premium when applying approved manual rates to the employer’s payroll during periods for which it failed to secure the payment of workers’ compensation required by this chapter within the preceding 3-year period or $1,000, whichever is greater. '
Although Appellant acknowledges this statutory authority to assess a penalty, it contends that it is exempt from any such penalty by application of section 440.107(15), Florida Statutes (2013), which provides:
A limited liability company that is not engaged in the construction industry and that meets the definition of “employment” at any time between July 1, 2013, and December 31, 2013, may not be issued a penalty pursuant to this section for failing to secure the payment of workers’ compensation. ,
Appellant urges that if it met the definition of “employment” between the specified date range, it can never be penalized. Conversely, Appellee contends that section 440.107(15) only exempts non-construction limited liability companies from a penalty for the period between July 1, 2013 through December 31, 2013. Appellee explains that prior to July 1, 2013, certain owner/members of non-construction limited liability companies were arguably not deemed “employees” for purposes of determining whether workers’ compensation was required. However, effective July 1, 2013,[1] the statute was amended to make dear that these owner/members were included within the definition of “employees” unless the owner/member claimed an ex-" *55 emption not applicable here. As Appellee explains, section 440.107(15) was intended to- afford a grace period for the affected entities to come into compliance with the change in definition.
We are obliged to defer to the agency’s interpretation of the statute if it is within the range of possible, reasonable interpretations and is not clearly erroneous. Cagle v. St. Johns Cty. Sch. Dist., 939 So.2d 1085, 1089 (Fla. 5th DCA 2006). Here, Appellee’s interpretation clearly satisfies this test. Indeed, it is the most reasonable interpretation of the statute. It is consistent with the entire statutory scheme, the history of amendments, and it is the best translation of the literal language used. Accordingly, we affirm.
AFFIRMED.
LAWSON, C.J., TORPY and LAMBERT, JJ., concur.

. See Ch. 2012-213, § 1, Laws of Fla. (amending definition of “Corporate officer”).