850 So.2d 648 (2003)
Lana J. HODGES, Appellant,
v.
CITRUS WORLD, INC., d/b/a Florida Natural Growers, Appellee.
No. 2D02-2741.
District Court of Appeal of Florida, Second District.
July 25, 2003.
Harold E. Barker of Dicesare, Davidson & Barker, P.A., Lakeland, for Appellant.
Michael Broussard and Sarah P. Reiner of Broussard, Cullen, Pearson Wise & Simms, Orlando, for Appellee.
KELLY, Judge.
The appellant, Lana J. Hodges, filed suit against the appellee, Citrus World, Inc., d/b/a Florida Natural Growers, under the Florida Workers' Compensation Law, section 440.205, Florida Statutes (2000).[1] In her complaint, Hodges claims that Citrus World wrongfully discharged her from her employment in retaliation for seeking workers' compensation benefits for a work-related injury. She appeals from the final summary judgment entered in favor of her employer. We reverse.
Hodges was injured in an accident while employed by Citrus World. Hodges filed a petition for benefits in September 1999 asking for surgical reconstruction of her lateral ankle ligament. Citrus World denied the petition for benefits and the case proceeded to mediation and pretrial. Following trial in June 2000, the trial court found for Hodges and ordered Citrus World to authorize the surgical procedure.
*649 Hodges proceeded with her surgery in October 2000. On April 16, 2001, Hodges had an office visit with her physician. In her deposition she claimed that the physician did not inform her that he was releasing her to return to light duty work status as of that date. She did not receive a "return to work" form from the physician at that time. On April 23, 2001, her workers' compensation adjuster notified her by telephone of her return to work status. The adjuster told her that the physician's office would be sending her a return to work form by facsimile transmission. Hodges received the form on April 24, 2001. On that date, she attempted to resume her employment but was informed that she was "being investigated" and to go home. Hodges was summoned to a meeting on April 27, 2001, at the office of Citrus World. At the meeting, she was told that according to company policy, she was required to contact the company and return to work within three days of being released by her physician. Since she did not comply with the company's "three-day rule," she was considered to have abandoned her employment. A few days later, Hodges received a letter from Citrus World confirming that her employment had been terminated. Because Hodges believed that Citrus World had retaliated against her for seeking workers' compensation benefits, she filed suit under section 440.205.
Citrus World filed a motion for summary judgment alleging that there were no material issues of fact because Hodges had admitted that her discharge was not a result of Citrus World's alleged violation of section 440.205 but was a result of Hodges' violation of the "three-day rule." Citrus World pointed to Hodges' deposition in which she testified that, during the course of her meetings with Citrus World regarding the end of her employment, (1) Citrus World never referred to her current workers' compensation claim, and (2) she was told that her termination was based on her violation of the "three-day rule." Hodges filed affidavits in opposition to Citrus World's motion.
The trial court entered an order granting Citrus World summary judgment. In support of its decision, the trial court stated, "Plaintiff failed to provide legally sufficient evidence to support her claim and to rebut the clear implication of her testimony, indicating that her termination was not related to the pursuit of her workers' compensation claim." Hodges filed a timely notice of appeal.
We reverse the final summary judgment in favor of Citrus World because a genuine issue of material fact remains as to whether Hodges was terminated for pursuing her workers' compensation claim or whether she was terminated because she violated her employer's administrative rules. Although Hodges acknowledged in her answers to interrogatories, deposition testimony and affidavit that she was told she was terminated because of her violation of the administrative rule, she did not admit that Citrus World's proffered reason was the true reason for her termination. In her affidavit in response to Citrus World's motion for summary judgment, Hodges specifically states that the reason she was given for her discharge was pretextual.
A motion for summary judgment should not be granted unless the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to a judgment as a matter of law. Hervey v. Alfonso, 650 So.2d 644 (Fla. 2d DCA 1995). Further, an appellate court should indulge all proper inferences in favor of the party against *650 whom summary judgment was sought. Humphrys v. Jarrell, 104 So.2d 404 (Fla. 2d DCA 1958). Here, because issues of material fact remain, summary judgment was improperly granted.
Accordingly, we reverse the final summary judgment in favor of Citrus World and remand for further proceedings.
FULMER and STRINGER, JJ., concur.
NOTES
[1] Section 440.205, Florida Statutes (2000), provides the following: "No employer shall discharge, threaten to discharge, intimidate, or coerce any employee by reason of such employee's valid claim for compensation or attempt to claim compensation under the Workers' Compensation Law."