CANADY, Judge.
Suncoast Auto Center, Inc., appeals an order of the trial court granting summary judgment in favor of its insurer, Consolidated Property and Casualty Insurance Company, in a lawsuit filed by Suncoast alleging that certain theft losses were covered by an insurance policy issued by Consolidated. Summary judgment was *729 granted based upon an alleged misrepresentation by Suncoast in its application for insurance. Because we conclude that there is a disputed issue of material fact concerning whether any misrepresentation was made, we reverse the summary judgment.
Consolidated’s denial of coverage was based on its allegation that Suncoast had represented that its business premises were equipped with a “central station burglar alarm” when in fact no such alarm was present. It was undisputed that Sun-coast’s business premises were not protected by a central station burglar alarm at the time of the theft. However, Sun-coast denied that it ever represented that such an alarm was in place. To support its motion for summary judgment based upon the alleged misrepresentation, Consolidated relied on several affidavits and documents.
One of the affidavits relied upon by Sun-coast was that of Deborah Watson, an insurance agent with Huckleberry, Sibley & Harvey Insurance & Bonds, Inc., Sun-coast’s insurance agency. Watson stated in her affidavit that Suncoast’s insurance application was prepared using information, including the burglar alarm misrepresentation, provided over the phone to “Huckleberry personnel” by Glenn Ram-das, Suncoast’s owner. Watson further stated that a copy of this application, which included the misrepresentation, was sent to Ramdas, signed by him, and returned to the agency. Finally, Watson stated that an application containing the same information was subsequently sent to Suncoast for the purpose of renewing the policy and that a complete copy of the policy was sent to Suncoast following her agency’s receipt of Suncoast’s signed renewal application. The loss occurred after the policy was renewed.
Consolidated attached the renewal application to its motion for summary judgment; the initial application was not included. Page one of the renewal application is titled “applicant information section,” and the second page appears to be a continuation of that section. Page three is titled “property section.” In the record on appeal, the document consists of three pages, but it appears likely that the second page was printed on the back of the first page in the original because the bottom of page one states “please complete reverse side.” In any event, only page one is signed and the alleged misrepresentation is on page three. Further there is no notation on page one that would necessarily disclose the existence of page three.
Consolidated also attached to its motion a “protective safeguards” endorsement that was presumably appended to the complete policy. It states, among other things, that insurance coverage will be “immediately suspended” if the insured fails to notify Consolidated of any known suspension or impairment of the “protective safeguards.” The listed “protective safeguard” is a central station burglar alarm system.
Consolidated also relied upon an affidavit of Jerry Gagliardo, an inspector hired by the insurance company to inspect Sun-coast’s business premises. Gagliardo stated in his affidavit that he was told by a Suncoast employee named Tony that Sun-coast’s business premises were protected by a central station burglar alarm. He also stated that he observed door and window contacts consistent with such a system at the premises.
To support its opposition to the motion for summary judgment, Suncoast relied upon the filed deposition of its owner, Glenn Ramdas. Mr. Ramdas, when questioned by Consolidated’s attorneys, stated *730 that he had provided information for the insurance application to a Huckleberry, Sibley & Harvey employee over the phone. He denied representing to anyone at Huckleberry, Sibley & Harvey that he had a central station burglar alarm. Instead, Mr. Ramdas contended that he truthfully stated that Suncoast’s business premises were protected by two security cameras with a continuous, forty-hour tape. Mr. Ramdas testified that, following his application for the insurance policy, he received a copy of the policy but did not read it. Mr. Ramdas was not questioned by Consolidated’s attorneys about the insurance application — allegedly bearing his signature — now included in the record.
Mr. Ramdas also testified regarding the individual named Tony. Mr. Ramdas described Tony as an “independent car broker.” Mr. Ramdas further stated that Tony was not a Suncoast employee and had no authority to speak for Suncoast.
A motion for summary judgment should only be granted “if the pleadings, depositions, answers to interrogatories, and admissions on file together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.” Fla. R. Civ. P. 1.510(c). Our review of a summary judgment is de novo. Maynard v. Household Fin. Corp. III, 861 So.2d 1204, 1206 (Fla. 2d DCA 2003). In conducting our review, we are required to “indulge all proper inferences in favor of the party against whom summary judgment was sought.” Hodges v. Citrus World, Inc., 850 So.2d 648, 649-50 (Fla. 2d DCA 2003) (citation omitted).
We conclude that a disputed issue of material fact arises from the conflict between the affidavits and other documents relied upon by Consolidated and Mr. Ram-das’s deposition testimony that he had not misrepresented the nature of his security system when applying for the insurance policy. Because of the material conflict in the evidence submitted by the parties, the trial court erred in granting summary judgment to Consolidated. We therefore reverse the order granting summary judgment and remand for further proceedings consistent with this opinion.
Reversed and remanded.
WHATLEY and SALCINES, JJ., concur.