887 So.2d 360 (2004)
Girardo Baca FLORES, Appellant,
v.
ROOF TILE ADMINISTRATION, INC., Appellee.
No. 3D03-2345.
District Court of Appeal of Florida, Third District.
June 9, 2004.
Opinion on Rehearing/Rehearing Denied December 22, 2004.
J.H. Zidell, for appellant.
Fisher & Phillips and Jim C. Polkinghorn and Kristen L. Sampo and David A. Buchsbaum, Fort Lauderdale, for appellee.
Before SCHWARTZ, C.J., COPE and SHEVIN, JJ.
Opinion on Rehearing/Rehearing En Banc Denied December 22, 2004.
SHEVIN, Judge.
Girardo Baca Flores appeals a final summary judgment in his retaliatory discharge case. We affirm in part and reverse in part.
We reverse the summary judgment on the retaliatory discharge claim because the record demonstrates that there are genuine issues of material fact as to whether the employer's Operations Manager, Frank Garces, knew that Flores had been injured on the job just days before and that Flores was fired as a result of that fact. The company policies permitted workers to communicate with upper management through the crew leader, Marco Duque, who was in daily radio contact with Garces. The record also demonstrates a dispute as to whether Duque was told of the injury, and his reaction to the news. Hence, defendant has not established the non-existence of genuine issues of material fact and summary judgment was improper. Moore v. Morris, 475 So.2d 666 (Fla.1985). Moreover, the final summary judgment demonstrates that in deciding the summary judgment motion, the trial court made impermissible witness credibility determinations. This is not permitted in deciding such a motion. Novoa v. Amerisource Corp., 860 So.2d 506 (Fla. 3d DCA 2003); Hernandez v. United Auto. Ins. Co., 730 So.2d 344 (Fla. 3d DCA 1999), and cases cited therein.
Additionally, the claim for lost wages should not have been stricken. Disputed issues remain regarding the availability of a light duty position in which Flores could have been placed.
We reverse the order striking plaintiff's demand for jury trial. In an action for damages for retaliatory discharge under the worker's compensation statute, there is a right to jury trial. See Granfinanciera, S.A. v. Nordberg, 492 U.S. 33, 41-42, 109 S.Ct. 2782, 106 L.Ed.2d 26 (1989); see also Scott v. Otis Elevator Co., 572 So.2d 902 (Fla.1990); Martinolich v. Golden Leaf Mgmt., Inc., 786 So.2d 613 (Fla. 3d DCA *361 2001), review denied, 814 So.2d 439 (Fla.2002); Silvers v. Timothy J. O'Donnell Corp., 751 So.2d 747 (Fla. 5th DCA 2000).
We affirm the order striking Flores' claim for attorney's fees. We agree with the Fourth District that chapter 440 does not provide for attorney's fees to be awarded against an employer in an action for retaliatory discharge. See Nicholson v. Ross Products, Inc., 506 So.2d 487 (Fla. 4th DCA 1987); § 440.34, Fla. Stat. (1997).
Affirmed in part, reversed in part.
COPE, J., concurs.
SCHWARTZ, Chief Judge (dissenting).
I would affirm because the record establishes beyond question that Flores was not discharged "by reason of [a] valid claim for compensation or attempt to claim compensation under the Workers' Compensation Law," as required by section 440.205, Florida Statutes (2003). See Villavicencio v. Siemens Power Transmission & Distribution, Inc., 867 So.2d 628 (Fla. 3d DCA 2004). There was no evidence whatever that any comp. claim was ever made or even contemplated, much less that one had anything at all to do with Flores's otherwise well-deserved firing.

On Rehearing Denied
PER CURIAM.
The applicable statute provides:
440.205. Coercion of employees
No employer shall discharge, threaten to discharge, intimidate, or coerce any employee by reason of such employee's valid claim for compensation or attempt to claim compensation under the Workers' Compensation Law.
§ 440.205, Fla. Stat. (1997).
Plaintiff in this case was injured on a Friday and did not come to work thereafter. He was fired the following Wednesday. The employer had given the plaintiff two written reprimands within the preceding three months for excessive absenteeism and failing to call a supervisor when he was going to be absent. The employer argues that Mr. Garces, the employer's operations manager, fired the plaintiff for failing to call in, as required. Further, the plaintiff admitted that he did not call in, and has not offered any excuse for failing to do so. The employer maintains that this is a valid, nonretaliatory reason for firing the plaintiff.
On motion for summary judgment, however, we are obliged to read the record in the light most favorable to the plaintiff as the nonmoving party. Moore v. Morris, 475 So.2d at 668. The testimony of Jesus Baca, the plaintiff's coworker and cousin, creates a disputed issue of material fact. Baca testified that their roofing crew leader, Marco Duque, had gotten into trouble and almost been fired because the plaintiff had been injured. Deposition of Jesus Baca, Feb. 6, 2003, at 70-72. Baca testified that he had relayed a message from the plaintiff to the crew chief that the plaintiff needed to see a doctor and wanted the company to pay for it. Id. at 118. Baca also testified that, according to the crew leader, the plaintiff had been fired because he wanted to submit a worker's compensation claim. Id. at 73. Thus, there are disputed issues of material fact which preclude summary judgment.
Rehearing denied.
COPE and SHEVIN, JJ., concur.
SCHWARTZ, C.J., dissents.