DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**TWIN RIVERS ENGINEERING, INC.,**
Appellant,

v.

**PACER USA, LLC,**
a Pennsylvania corporation, qualified to do business in Florida,
Appellee.

No. 4D17-3730

[October 24, 2018]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Joseph Marx, Judge; L.T. Case No. 50-2016-CA-009031-XXXX-MB.

Tino Gonzalez of Tino Gonzalez, P.A., Melbourne, for appellant.

Susan V. Warner of FisherBroyles, LLP, Jacksonville, for appellee.

LEVINE, J.

Pacer USA, LLC ("seller") sued Twin Rivers Engineering, Inc. ("buyer") for non-payment of goods the buyer claimed were defective. The seller moved for summary judgment, arguing that the buyer did not return the goods within thirty days as required by the terms and conditions allegedly attached to the quote sent to the buyer. The trial court granted summary judgment in favor of the seller despite the buyer's contention that it never received the terms and conditions. The seller said the terms and conditions were attached to the quote. Due to this conflict, we agree a genuine issue of material fact exists as to whether the terms and conditions were made part of the agreement. Thus, we reverse.

The seller issued a quote to the buyer for 10,000 pyroelectric detectors for $14.63 each.[1] The quote stated, "All items are subject to our Standard Terms and Conditions, a copy of which is attached." The terms and conditions provided, in relevant part:

---

[1] Buyer used the pyroelectric detectors in a device it developed to detect refrigerant gas leaks.

> The Buyer shall have the right to inspect the goods upon tender of delivery. Failure of the Buyer to inspect the goods and give written notice to the Seller of any alleged defect or nonconformity within thirty (30) days after tender of delivery shall constitute an irrevocable acceptance by Buyer of the goods delivered to him. Notwithstanding the foregoing, use of any such goods by Buyer, its agents, employees or licensees, for any purpose after delivery thereof, shall constitute acceptance of the goods by Buyer.

The buyer sent a purchase order to the seller for the detectors. The seller shipped a total of 6,000 detectors to the buyer and issued invoices for $87,780. The buyer did not pay the invoices or give notice within thirty days from the date of delivery of any defects in the detectors.

The seller filed a complaint against the buyer for breach of contract, among other causes of action. The buyer filed an answer and affirmative defenses, denying that the terms and conditions were attached to the quote and asserting that the detectors were defective. As affirmative defenses, the buyer alleged that (1) the only binding terms were contained in the quote and purchase order; (2) the detectors were not of merchantable quality; (3) the seller had unclean hands; (4) the detectors were defective in design and manufacture; (5) the seller breached its express warranty because the detectors provided did not conform to previous samples; (6) the buyer was entitled to a setoff because the defective detectors caused the buyer to lose $1 million in orders from customers; (7) the seller knew the detectors had a design defect; (8) the seller failed to mitigate damages by refusing to accept return of the detectors and sending additional detectors after being informed that the buyer was experiencing problems with the detectors; (9) the seller was negligent; (10) the seller's alleged damages were unrelated to the buyer's conduct; and (11) the buyer rejected the detectors within a reasonable time after delivery.

The seller moved for summary judgment. In support, the seller submitted an affidavit from its general manager stating that the buyer blamed issues it was having with the detectors on the manufacturer who was incorporating the detectors into the buyer's product. The seller also submitted an affidavit from a sales manager stating that every quote sent to the buyer during their business relationship had contained a copy of the terms and conditions.

In opposition to the motion for summary judgment, the buyer filed an

affidavit from its president stating that the terms and conditions were not attached to the quote. The affidavit stated that the detectors were defective in their design and manufacturing process and did not comply with the samples previously sent. The affidavit also stated that after the buyer discovered the defect through testing, the buyer sought to return 4,000 defective detectors, but the seller refused to accept them.

After a hearing, the trial court granted summary judgment in favor of the seller and subsequently entered a final judgment for $87,780.

An order granting summary judgment is reviewed de novo. *Volusia Cty. v. Aberdeen at Ormond Beach, L.P.*, 760 So. 2d 126, 130 (Fla. 2000). "Summary judgment is proper if there is no genuine issue of material fact and if the moving party is entitled to a judgment as a matter of law." *Id.* Once the party moving for summary judgment "tenders competent evidence to support his motion, the opposing party must come forward with counterevidence sufficient to reveal a genuine issue. It is not enough for the opposing party merely to assert that an issue does exist." *Landers v. Milton*, 370 So. 2d 368, 370 (Fla. 1979).

The trial court erred in granting summary judgment because genuine issues of material fact remained as to whether the buyer received the terms and conditions and, relatedly, whether the terms and conditions were part of the parties' agreement. The seller argues that the buyer incorporated the detectors into the buyer's product and did not notify the seller of any defect within thirty days as required by the terms and conditions. However, this argument presumes that the buyer actually received the terms and conditions. Although the seller submitted an affidavit that the terms and conditions were attached to the quote, the buyer submitted a competing affidavit specifically denying that the terms and conditions were attached to the quote. This gives rise to a material issue of fact. Whether the terms and conditions were attached to the quote is the relevant question as to whether they were a part of the parties' agreement. *See BGT Grp., Inc. v. Tradewinds Engine Servs., LLC*, 62 So. 3d 1192, 1194-95 (Fla. 4th DCA 2011) (holding that where invoice stated that order was subject to attached terms and conditions but invoice contained no attachment, terms and conditions were not incorporated by reference because quote and purchase order did not sufficiently describe the terms and conditions).

The seller argues that affirmance is warranted even if the standard terms and conditions were not part of the agreement because the buyer did not timely reject the goods. § 672.602(1), Fla. Stat. (2016) ("Rejection of goods must be within a reasonable time after their delivery or tender.").

However, whether the buyer's rejection of goods was within a reasonable time pursuant to the UCC is a factual issue to be decided by a jury and cannot be resolved on summary judgment. *See Ballas v. Spolyar*, 548 So. 2d 1168, 1169 (Fla. 2d DCA 1989); *Bair v. A.E.G.I.S. Corp.*, 523 So. 2d 1186, 1188 (Fla. 2d DCA 1988).

In sum, because issues of material fact remain, we reverse and remand for further proceedings.

*Reversed and remanded for further proceedings.*

GERBER, C.J., and KLINGENSMITH, J., concur.

\* \* \*

***Not final until disposition of timely filed motion for rehearing.***