DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**WILLIAM SALUS,**
Appellant,

v.

**ISLAND HOSPITALITY FLORIDA MANAGEMENT, INC.,**
Appellee.

No. 4D18-3222

[January 15, 2020]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Sandra Perlman, Judge; L.T. Case No. CACE17006971.

Lawrence J. McGuinness of MG Legal Group, P.A., Coconut Grove, for appellant.

Kristen D. Perkins and Paige S. Newman of Lewis Brisbois Bisgaard & Smith LLP, Fort Lauderdale, for appellee.

LEVINE, C.J.

An employee appeals a final summary judgment entered in favor of the employer on the employee's claim of retaliatory discharge under section 440.205, Florida Statutes. In interpreting the statute, the trial court found no prima facie case of retaliation because the employer terminated the employee before the employee filed a claim for workers' compensation benefits. We disagree with the trial court's interpretation that the employee did not attempt to claim compensation under the statute. Because a material issue of fact exists as to the employer's reason for discharge, summary judgment is not proper at this juncture. We therefore reverse.

On March 24, 2017, the employee sustained an injury while performing workplace duties. The employee notified the employer of the injury the following day and later informed the employer he was having difficulty receiving follow-up treatment for his injuries. The employer fired the employee less than two weeks after the work-related injury.

The parties' depositions set forth conflicting reasons for the discharge. The employer submitted depositions from three employees describing an incident in which the employee became angry and threatened a coworker, stating: "I'll take you outside and beat you with my bad arm." The employee stepped towards the coworker, but the manager stepped between them to defuse the situation. Two managers called the employee on the phone the following day. After the employee admitted to making the threat, the managers told the employee that he was being terminated because he threatened another employee with physical harm. The managers explained to the employee that the reason for termination had nothing to do with his injury or seeking workers' compensation benefits.

During the employee's deposition, the employee denied threatening his coworker and denied admitting on the phone to the managers that he threatened the coworker. The employee claimed that the other employees were lying about the incident. He further testified that the managers did not give him a reason for terminating his employment.

Following his termination, the employee filed a claim for retaliatory discharge under section 440.205. Subsequently, the employee filed a petition for workers' compensation benefits. The employer moved for summary judgment, arguing that the employee could not establish a prima facie case of retaliation because his termination was not causally related to his workers' compensation claim. The employer pointed out that the employee's termination occurred before he had filed a petition for benefits. The employer further argued that they had a legitimate, nondiscriminatory reason for terminating the employee.

After a hearing, the trial court granted summary judgment in favor of the employer, stating:

> The undisputed summary judgment evidence before the Court was that [the employee] filed his Petition for Benefits after his termination by [the employer]. While [the employee] argues that he is nevertheless entitled to a presumption of retaliation based on the circumstantial evidence of temporal proximity between the filing of the Petition for Benefits and his termination, this Court finds he is not as Fla. Stat. § 440.205 requires a showing of a statutorily protected activity, an adverse employment action and a causal connection between the statutorily protected activity and the adverse employment action. Florida law is clear that solely suffering a workplace injury and informing the employer of the injury is not alone an attempt to file a claim or seek benefits under Florida's

2

Workers' Compensation Act. Accordingly, as [the employee] has not asserted a *prima facie* case of retaliation pursuant to Fla. Stat. § 440.205, [the employer] is entitled to final summary judgment in its favor on [the employee's] Complaint.

We review an order granting summary judgment de novo. *Frost v. Regions Bank*, 15 So. 3d 905, 906 (Fla. 4th DCA 2009). "Summary judgment cannot be granted unless the pleadings, depositions, answers to interrogatories, and the admissions on file together with affidavits, if any, conclusively show that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." *Hurchalla v. Homeowners Choice Prop. & Cas. Ins. Co.*, 44 Fla. L. Weekly D2527 (Fla. 4th DCA Oct. 16, 2019).

Statutory construction is a question of law subject to de novo review. *BellSouth Telecomms., Inc. v. Meeks*, 863 So. 2d 287, 289 (Fla. 2003).

Section 440.205, states: "No employer shall discharge, threaten to discharge, intimidate, or coerce any employee by reason of such employee's valid claim for compensation or *attempt to claim* compensation under the Workers' Compensation Law." (emphasis added). To make a prima facie case of retaliation, a plaintiff must prove the following three elements: "1) the plaintiff was engaged in protected activity; 2) the plaintiff was thereafter subjected by his employer to an adverse employment action; and 3) there is a causal link between the protected activity and the adverse employment action." *Koren v. Sch. Bd. of Miami-Dade Cty.*, 97 So. 3d 215, 219 (Fla. 2012) (citation omitted). "In order to establish a claim under section 440.205, the employee's pursuit of workers' compensation need not be the only reason for a discharge." *Hornfischer v. Manatee Cty. Sheriff's Office*, 136 So. 3d 703, 706 (Fla. 2d DCA 2014). In the present case, the employee had not filed the claim, but had taken steps in seeking benefits.

The trial court found that the employee could not make a prima facie case under the statute because he did not in fact petition for benefits until after his termination. The trial court did not consider if the employee's actions constituted an "attempt to claim compensation." The trial court merely relied on the fact that the claim was filed after the employee's termination. However, the fact that the employee did not file a formal claim for workers' compensation benefits until after his termination does not automatically preclude a claim for retaliatory discharge. *See Flores v. Roof Tile Admin., Inc.,* 887 So. 2d 360, 361 (Fla. 3d DCA 2004) (reversing summary judgment, even though no benefits claim was made before termination of employment, where material issues of fact existed as to the

reason for the firing); *Scott v. Otis Elevator Co.*, 524 So. 2d 642 (Fla. 1988) (remanding a district court case for further proceedings where the employee "first filed a workers' compensation claim one month after he was terminated," *see Otis Elevator Co. v. Scott*, 503 So. 2d 941, 942 (Fla. 4th DCA 1987)). The evidence showed that the employee went to the hospital the day of the injury, notified his employer of the injury the following day, had a discussion with the employer regarding difficulties in receiving follow-up treatment, and obtained everything he needed from the employer with respect to workers' compensation. The employee effectively sought benefits under the statute. Thus, the employee's attempt to claim compensation brought his actions under the protection of the retaliation statute.

Under the trial court's interpretation, an employer could circumvent section 440.205 by terminating employment immediately after a workplace injury and before the employee even has a chance to file a claim for benefits. A statutory provision should not be construed in such a way that leads to absurd results. *Giamberini v. Dep't of Fin. Servs.*, 162 So. 3d 1133, 1136 (Fla. 4th DCA 2015). For this reason, other jurisdictions interpreting similar statutes have declined to adopt such an interpretation of the statute. *See Hudson v. Wal-Mart Stores, Inc.*, 412 F.3d 781, 786 (7th Cir. 2005) (finding the fact that employee did not file for workers' compensation benefits before his termination was not fatal to his claim; otherwise, an employer could "preemptively terminat[e] employees as soon as it caught wind that an injured employee was considering a claim"); *White v. Goodyear Tire*, 96 F.3d 1444 (5th Cir. 1996) ("[A]n employee can recover for retaliation for taking steps to collect a workers' compensation claim 'even when the employee was fired before filing a claim for compensation so long as the evidence shows that the employee took steps towards instituting a compensation proceeding.'") (citation omitted); *Wright v. Fiber Indus., Inc.*, 299 S.E.2d 284, 287 (N.C. Ct. App. 1983) (noting that the applicable statute was "intended to prevent employers from firing or demoting employees in retaliation for pursuing their remedies under the Workers' Compensation Act" and that if the statute "were limited only to retaliatory acts which occurred after the employee filed his claim, an employer could easily avoid the statute by firing the injured employee before he filed"). In the present case, it was clear that the employee took "steps" to begin the process of claiming and seeking benefits under the statute.

Where, as here, "a plaintiff establishes a prima facie case by proving the protected activity and the negative employment action are not completely unrelated, the burden then shifts to the employer to proffer a legitimate reason for the adverse employment action." *Ortega v. Eng'g Sys.*

*Tech., Inc.*, 30 So. 3d 525, 529 (Fla. 3d DCA 2010). "A plaintiff withstands summary adjudication at this stage either by producing sufficient evidence to permit a reasonable finder of fact to conclude the employer's proffered reasons were not what actually motivated its conduct, or that the proffered reasons are not worthy of belief." *Id.* In moving for summary judgment, the employer argued that it had a legitimate, nondiscriminatory reason for terminating the employee: that the employee threatened a coworker. However, the employee disputed this claim in his deposition and denied that he threatened a coworker. Thus, a genuine issue of material fact exists as to the reason for termination, precluding summary judgment. *See Twin Rivers Eng'g, Inc. v. Pacer USA, LLC*, 257 So. 3d 140, 142 (Fla. 4th DCA 2018) (reversing summary judgment where conflicting affidavits gave rise to a material issue of fact); *Hodges v. Citrus World, Inc.*, 850 So. 2d 648, 649 (Fla. 2d DCA 2003) (reversing summary judgment where genuine issue of material fact remained as to whether employee was terminated for pursuing workers' compensation claim or for violating employer's administrative rules).

For the foregoing reasons, we reverse the summary judgment entered in favor of the employer and remand for further proceedings.

*Reversed and remanded for further proceedings.*

MAY and FORST, JJ., concur.

*       *       *

**Not final until disposition of timely filed motion for rehearing.**

5